————o————

MARVIN R. BANKS, Appellant, *vs.* JOHN F. BURNAM, Respondent.

1. *Contract—Notice of rescission—Acquiescence—Estoppel.*—Where a party to a contract for the sale of land lies by without taking any action for a year or more after notice of rescission from the other party, he will be held to have acquiesced in the rescission, and cannot afterward have his action to enforce the agreement.

2. *Supreme Court—Judicial notice as to connection of suits therein decided.*—In the absence of evidence to that effect, the Supreme Court cannot take judicial notice that a case before the court had connection with one formerly decided by it.

### *Appeal from Boone Circuit Court.*

This suit was for specific performance of a written contract for the exchange of lands, plaintiff claiming that in pursuance of its terms he had offered to give defendant title by sufficient deed, which contract defendant repudiated, etc. The case of Burnam v. Banks, referred to by the court is evidently that reported in 45 Mo., 349.

*O. Guitar*, for Appellant.

*John H. Overall*, for Respondent.

NAPTON, Judge, delivered the opinion of the court.

It is impossible for us to decide this case upon the merits. If we could assume the statements of the counsel as correct, we should have no hesitation in reversing the judgment, for

it is obvious that the court did not decide the case on the real matter in controversy, but dismissed the bill on a slight mistake in the phraseology of a deed. But the record shows a commencement of this suit in 1872, more than four years after it is agreed that defendant repudiated the contract, refused to comply with it, and gave notice to that effect to plaintiff. This of course superseded the necessity of any exertions or diligence on the part of the plaintiff in getting his title ready by the time fixed in the contract, and if it was good at the time of the trial, it would be sufficient; but it is well settled that after such notice, the plaintiff, to invoke the aid of a court of equity, must be prompt. If he lies by for one or two years it will be regarded as an acquiescence in the rescission. (Hempley vs. Hill, 2 Sim. & Stu., 29; Watson vs. Reid. 1 R. & Mylne, 236.)

In order to obviate this objection we are asked to take judicial notice that the defendant, immediately after this notice to plaintiff, brought his suit to have a rescission, and that this suit ultimately came up for review in this court, and the judgment in favor of defendant was reversed, and that thereupon the defendant took a non-suit, and the plaintiff thereupon commenced this action for a specific performance. All this is no doubt true in point of fact, but the record of the present case discloses nothing in regard to the matter. We have before us simply a record of a suit by Banks vs. Burnam, commenced, so far as the record shows, in 1872, upon a contract, which the plaintiff himself testifies was repudiated in January, 1868. Without explanation such repudiation would be considered as acquiesced in after the lapse of four years, and we cannot take judicial notice that the former suit, reported as decided in this court, of Burnam vs. Banks, had any connection with this case.

The judgment must be affirmed; the other judges concur.