### CORAM v. DAVIS et al.

(Circuit Court, D . Massachusetts. May 26, 1909.)

#### No. 562.

1. EVIDENCE (§ 43*)—JUDICIAL NOTICE—JUDICIAL RECORDS OF SAME COURT.
   A Circuit Court may take judicial notice of a mandate of the Suprem Court filed in such Circuit Court in another case.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65 ; Dec. Dig § 43.*]

2. EQUITY (§ 362*)—DISMISSAL OF BILL.
   It is the duty of the Circuit Court to dismiss, with costs, an original bill between the same parties, the effect of which would be to obstruct, delay, or embarrass it in the execution of a final decree already entered in another suit.

   [Ed. Note.—For other cases, see Equity, Dec. Dig. § 362.*]

In Equity. Suit by Joseph A. Coram against Andrew J. Davis and others. On motion to dismiss bill. Motion granted.

Adler & Wood, for complainant.

E. N. Harwood, Hollis R. Bailey, Brandeis, Dunbar & Nutter, Edward F. McClennen, William L. Snyder, Horace G. Allen, William T. Read, Jesse B. Roote, D. E. Webster, and Morse & Friedman, for defendants.

PUTNAM, Circuit Judge. On hearing the motion to dismiss this bill the conclusion the court arrives at is inevitable, as the result of the practice established by the Supreme Court. It is thoroughly settled by several decisions of that court that we can take notice of the mandate of the Supreme Court in Ingersoll v. Coram, 211 U. S. 335, 29 Sup. Ct. 92, 53 L. Ed. 208, which is already on file in this court, and has been incorporated in the decree in that case, and not only that we may take notice of it, but that under the present circumstances we should do so.

From the time that mandate was received this court was powerless to proceed in any way which would in any manner qualify or obstruct the judgment entered in accordance with that mandate. This is now thoroughly settled law.

The mandate grew out of a bill in equity to which the Ingersoll estate and Mr. Coram were parties. It involved all the equitable re-

lations between them involved in the bill now before us. The present bill, whatever else may be the facts in reference to it, undertakes to qualify those relations, and, in a certain sense, asks the court to establish a lien in favor of Mr. Coram superior to the lien in favor of the estate of Mr. Ingersoll. It also asks us to enjoin and delay proceedings under the mandate. All those things are absolutely and utterly beyond the power of this court to do.

Counsel for the complainant offers to amend by striking out everything relating to the Ingersoll estate; but that topic is so far interlaced into the bill that, in the judgment of the court, such an amendment, cannot be satisfactorily accomplished. If the complainant has any equities which can be litigated between him and the parties to this bill aside from the Ingersoll estate, he must file a clean new bill in reference thereto; but in that bill he must be careful not to ask any remedy which will obstruct, delay, or even embarrass this court in proceeding under the mandate of the Supreme Court.

This bill, having been first filed in this court, is not on its face a contempt of the jurisdiction of this court, as it might have been if filed elsewhere; but it may easily ripen into such a contempt if proceedings on this bill, or on any other bill, wherever filed, satisfy the court that the real purpose is to delay the execution of the decree in favor of the Ingersoll estate, and it might then be regarded as the subject-matter for an attachment.

The complainant maintains that, if he pays the judgment in favor of the Ingersoll estate, he will be entitled to be subrogated to that estate. According to the rules of subrogation in proceedings in equity in the federal courts, he must first pay the judgment before he can in any way have an order of subrogation. When that judgment is paid, or the money brought into this court to pay the judgment, so the court can apply it to the payment of the judgment, the court then will protect any rights to subrogation, so far as it can.

The judgment at present will dismiss the bill with costs; but if within a short time Coram pays the judgment according to the mandate, or brings into court the amount required to pay it, the bill may be restored for whatever it is worth to Mr. Coram, if anything. The decree dismissing will be on the merits; but, of course, it would not bar another suit which did not seek to make the Ingersoll estate a party, and was not subject to the objections which this opinion covers.

Let the respondents file a draft decree dismissing the bill, with costs; and the complainant may have to and including Tuesday, June 1, 1909, to file corrections thereof under the rule.