Ford W. Thompson et al., Executors of Will of William B. Thompson, Appellants, v. Walter Scott and City of St. Louis.— 19 S. W. (2d) 1063.

Division One, September 13, 1929.

*W. B. & Ford W. Thompson* for appellants.

*Nolan & Garvey* for respondent Scott.

*Julius T. Muench* and *Oliver Senti* for respondent city.

ATWOOD, P. J.—This suit was instituted in the Circuit Court of the City of St. Louis on the 15th day of April, 1924, by William B. Thompson to cancel certain special tax bills issued by said city against certain real estate belonging to him for the cost of constructing a sidewalk adjacent thereto. The defendants were Walter Scott and the city of St. Louis. The latter answered with a general denial, and the former filed a general denial, coupled with a cross-bill asking for a special judgment enforcing the lien of the twelve tax bills in question. The cause was submitted to the trial court on November 6, 1925, under stipulation that the facts alleged in both petition and cross-bill should be taken as true. On January 18, 1926, the trial court entered judgment against plaintiff and in favor of both defendants on the petition, and a special judgment in favor of defendant Scott enforcing the lien of the tax bills in the total sum of $1098.13. From this judgment plaintiff appealed, June 16, 1926. Mr. Thompson died October 16, 1926, and on April 8, 1927, the cause was revived in this court in the names of the executors of the last will and testament of the deceased.

Appellant's assignment of errors is (1) that the only judgment the trial court could have properly entered was "a judgment in favor of plaintiff on his petition and against defendant Scott on his cross bill;" and (2) that the judgment entered "denies to the plaintiff the equal protection of the law guaranteed to the plaintiff by the Fourteenth Amendment to the Constitution of the United States."

In urging the error first assigned counsel for appellants say:

"The facts pleaded by plaintiff and admitted to be true show quite clearly and unmistakably that the court erred in not canceling

the said tax bills, for the reason that the sidewalk was actually laid  upon a strip of land owned by plaintiff in fee simple and that the city had no title whatever to the same, and therefore could not issue a valid special tax bill for the construction of a sidewalk upon said strip of land which would constitute a valid lien upon the title of the plaintiff.''

In anticipation of briefs subsequently filed by respondents, counsel for appellants direct our attention to the case of City of St. Louis v. Christian Brothers College et al., decided by this court in banc April 13, 1914, reported in 257 Mo. 541, and also to the case of Thompson v. City of St. Louis et al., decided by this court July 31, 1923, and reported in 253 S. W. 969. The first was a street widening case, in which, according to plaintiff's petition, the said William B. Thompson was a defendant and the very land upon which the sidewalk here in question was laid was sought to be condemned. According to appellants' brief the latter was a suit by plaintiff herein to cancel tax bills issued for paving the same street that was involved in this street widening case. With reference to the street widening case counsel for appellants say ''this case went back for a new trial, and Mr. Thompson amended his answer and his exceptions and set up all of the averments that are now in this petition, *and that case is still pending, and there has never been a final judgment rendered in that case, which is still pending as admitted by the stipulation.''*

It appears from plaintiff's petition that the city of St. Louis by repealing Ordinance No. 24220 undertook to authorize the widening of the street involved in this suit and in said Christian Brothers College condemnation proceeding, and that subsequent to its passage and pursuant thereto the city by said condemnation suit, the said William B. Thompson being a party defendant, undertook to condemn the land described in said ordinance, including the land upon which the sidewalk here in question was constructed. Among other things said petition alleges:

''That pursuant to the charter, commissioners were appointed by the court in said suit, to fix the damages to the property taken pursuant to the provisions of said Ordinance No. 24220, and likewise to fix the benefits assessable against the property by reason of the opening and establishing of Kingshighway as a mere street under said ordinance. That said commissioners so appointed by the court rendered their report assessing damages to the owners of the property taken, among whom was this plaintiff, and likewise assessing benefits to the property owners, among whom likewise was this plaintiff. That within the time required by law this plaintiff filed excep-

tions to said report, wherein this plaintiff did expressly state all of the facts herein enumerated in this petition, as and for a ground and reason that said Ordinance No. 24220 was invalid and void, and violative of the provisions of Section 1 of Article XIV of the Amendment of the Constitution of the United States, which provides: 'Nor shall any State deny to any person within its jurisdiction the equal protection of the law.' That said suit No. 58,478 is still pending in said circuit court and no final judgment has as yet been entered therein.''

The stipulation above referred to and offered in evidence when this case came on for hearing November 6, 1925, is as follows:

''Defendants in open court, in lieu of specific proof and introduction of evidence to establish and prove the facts alleged in plaintiff's petition, admit that all of the facts stated in said petition are ture.

''Plaintiff, on the other hand, likewise in open court, in lieu of specific proof and introduction of evidence to establish and prove the facts alleged in the cross-bill of defendant Walter Scott, admit that all of the facts stated in said cross-bill are true.

''It is further agreed and stipulated that the court, upon such admission, may take the case as submitted and render judgment to all and like effect as though the specific proof of said facts had been introduced.''

The foregoing constitute the allegations and admissions above referred to, and we understand the position of appellants to be that the circuit court in the trial below could not then, and we cannot now, consider anything that was not alleged in the petition or cross-bill or is inconsistent with the allegations thereof. The language of the stipulation is not thus preclusive. The agreement was that the trial court might take the case as submitted on the allegations of fact, which were admitted to be true, and ''render judgment to all and like effect as though the specific proof of said facts had been introduced.'' Suppose, at the time judgment was rendered below, the trial court had judicial knowledge of other relevant facts, was it compelled to ignore them in rendering its decision? The stipulation did not so read, but even if it had the trial court might in its discretion have relieved the party making the admissions from their conclusiveness. On this point it is said in 5 Wigmore on Evidence (2 Ed.), p. 605:

''The vital feature of a judicial admission is universally conceded to be its *conclusiveness* upon the party making it, i. e. the prohibition of any further dispute of the fact by him, and of any use of evidence to disprove or contradict it. In view, however, of the commendable purpose which leads (or ought to lead) to the volun-

tary making of admissions, it is always and properly said that the trial court may in discretion relieve from this consequence."

In 23 Corpus Juris, 174, section 2008, it is said: "An uncontroverted allegation in a pleading or uncontroverted evidence produced to establish a fact does not preclude the court from finding the fact to be otherwise by resorting to its judicial knowledge." In Russ v. Boston, 157 Mass. 60, it was declared doubtful whether a case could properly be determined on an agreed statement of facts, unless the facts agreed upon conform to what is judicially known to be the truth. In disposing of this appeal, therefore, it is important that we know and consider what was judicially known to the trial court when the judgment was rendered.

Plaintiff's petition in the instant case has with some degree of particularity indicated the close connection existing between it and said Christian Brothers College condemnation suit numbered 58478. From this petition it appears, as we have already observed, that among the lands sought to be condemned in the latter suit was the land upon which the sidewalk was constructed for the cost of which the tax bills here sought to be cancelled were issued, and that the city of St. Louis was a party in each case as was also William B. Thompson. Everything in the condemnation case advantageous to the cause of appellants in this case is pleaded and presented, but it seems to be the position of appellants that other facts of record in the condemnation case, no matter how relevant they may be to the issues here presented for our determination, cannot be judicially noticed. On the question of judicial notice in such circumstances the general rule and exceptions thereto are thus discussed in 15 Ruling Case Law, page 1112:

"While the courts do not generally recognize without proof proceedings in another cause in the same or another court, there are many instances when a court is justified in taking judicial notice of such proceedings. These cases are not necessarily in conflict with the general rules stated above, but usually recognize these rules, holding, however, that for reasons apparent in each case the court is justified in noticing judicially the proceedings in other causes."

Also, in 23 Corpus Juris at pages 113 and 114 it is said:

"Courts, including those of probate, cannot in one case take judicial notice of their own records in another and different case, even though the trial judge in fact knows or remembers the contents thereof. But the courts may properly resort to an inspection of its record in other cases where a fact such as the pendency of an indictment against a juryman concerns the proper administration of justice, or where the interests of the public in ascertaining the truth are of paramount importance, as also in cases where the court is seeking to determine what is a reasonable exercise of its discretion,

or whether the present proceeding is merely a moot one. And 'there may be cases so closely interwoven, or so clearly interdependent, as to invoke' a rule of judicial notice in one suit of the proceedings in another suit.''

Thus, the federal circuit (now district) court will in one case take judicial notice of the mandate of the supreme court in another case, already set down and on file in the former court, where omission to take such notice would qualify or obstruct the judgment entered in accordance with the mandate. [Coram v. Davis, 174 Fed. 664.] Also, the judge of a federal court may, in order to determine his power to grant relief in regard to certain property, take judicial notice of the pendency of another suit in the same court under which it had taken possession of the subject-matter of the instant suit. [Louisville Trust Co. v. Cincinnati, 76 Fed. 296.] Again, the court of appeals is not required to ignore facts appearing in its records in a different case, to which plaintiff and defendant were parties and in which the same lease was involved. [Wilmer v. Philadelphia, etc., Coal, etc., Co., 130 Md. 666.] Likewise, reversal of a judgment by an appellate court was judicially noticed by the latter when it was sought in another case which came before it to make the sheriff liable for failure to return in due time an execution on the first mentioned judgment. [Schultz v. Smith, 7 Ky. L. Rep. 837.] The close connection between the instant case and the Christian Brothers College case and the relevancy in common of the facts there appearing are disclosed by the petition filed herein, and the case of Banks v. Burnam, 61 Mo. 76, where we held that we could not take judicial notice that a former suit reported decided in this court had any connection with the case under consideration, is thus distinguished.

Applying the above doctrine to the circumstances of this case we find that our own records not only show, as plaintiff herein alleged, that the case of City of St. Louis v. Christian Brothers College, Thompson et al., No. 58478, was reversed and remanded by our decision rendered April 13, 1913, and reported in 257 Mo. 541, but after a retrial of the same case defendant Thompson appealed to this court from an adverse judgment below, and on March, 3, 1927, this appeal was dismissed. Furthermore, it appears from the transcript of the record filed in this court on the last appeal that judgment in the condemnation suit was rendered against defendants, including Thompson, who was the only defendant that appealed, on December 19, 1924, vesting in the city of St. Louis the property sought to be condemned ''by virtue of the payment and deposit in court by the city of St. Louis of the damages so found.'' Therefore, it is apparent that when the Circuit Court of the City of St.

Louis entered judgment in the instant suit to cancel the tax bills on January 18, 1926, it not only had judicial knowledge of its own prior judgment in the Christian Brothers College case condemning the land in question, which was even then final in the sense that defendant Thompson was entitled to appeal and did appeal therefrom, but it knew that the city had long since paid into court for the benefit of Mr. Thompson the damages previously awarded, and, according to the doctrine stated in 15 Ruling Case Law at page 1063, we may take judicial notice of what was judicially known to the trial court and in favor of the validity of its judgment presume that such notice was taken. Sec. 6, Art. XXXI, Charter of the City of St. Louis (page 637 of Wagner's Revised Code of St. Louis, 1914, authenticated under date of Aug. 15, 1918), is as follows:

"At any time after the commission file their report the city may pay into court the amount of damages assessed, less benefits, if any, and thereupon it shall be entitled to take possession of or damage the property, assuming the lien of all general taxes not then payable on property actually appropriated."

From the foregoing it follows that at the time judgment was rendered herein the city of St. Louis had a right to be in possession of the land in question and construct said sidewalk, and the error first assigned by appellants is without merit.

As for the constitutional question presented on the only other error assigned, we think the reasons urged in that connection are well met by our opinions in St. Louis v. Christian Brothers College, 257 Mo. 541, and Thompson v. City of St. Louis, 253 S. W. 969. Our opinion in the first case sustains the validity of the city's repealing ordinance, (No. 24220, being the same ordinance that is here attacked), and holds that the Constitution was not violated. But, appellants say that is not decisive of this case because we did not "consider what effect should be given to the facts sought to be injected at the argument, that were not in the record at that time, relative to the $500,000 of bonds and the completion of the other sections," and that these questions are now presented for our consideration. These questions and supporting reasons were presented in the case of Thompson v. City of St. Louis, et al., supra, and there adequately disposed of, though no specific reference was made to the Constitution in the opinion. Counsel for appellants try to avoid the affect of this decision by suggesting that it turned solely on the fact that no part of the pavement in question was laid on the land sought to be condemned, quoting from the opinion (l. c. 972), as follows:

"It should be added that the pendency of the condemnation suit does not affect the validity of the taxbills in suit here for the ad-

ditional reason that the paving for which the tax was assessed lies wholly within the boundaries of the original 100-foot street which is in no way involved in that proceeding.''

A reading of the above excerpt in its proper connection with the remainder of the opinion clearly reveals the fact that it only states an *additional* reason in support of the decision.

In their printed argument counsel for appellants say that the case of Albers v. City of St. Louis, 289 Mo. 543, is controlling and a different decision in the instant case would be violative of the Fourteenth Amendment of the Constitution of the United States, the Albers case being referred to as subsequent to the Thompson case, supra. As a matter of fact our decision in the Albers case was rendered July 23, 1921, and long prior to our decision in the Thompson case which was handed down June 8, 1923, and rehearing denied July 31, 1923. Moreover, the Albers case is not in point. The issue is that case was not whether the city acquired the right to enter into possession of land and construct improvements thereon before issuing special tax bills for the cost of such improvements against adjacent property, but whether a judgment for special benefits against property *not abutting* on the street widened could be lawfully rendered under the circumstances shown. The properties against which the tax bills were issued in the instant case *abut* on the improvement. This assignment is also without merit.

For the reasons above stated the judgment is affirmed. All concur.