Marie WILLIAMS, Plaintiff-Respondent,

v.

Nieman MARCUS, Employer Maryland
Casualty, Insurer,
Defendant-Appellant.

No. 46041.

Missouri Court of Appeals,
Eastern District,
Division One.

May 31, 1983.

Robert T. Hart, St. Louis, for appellant.

Theodore H. Hoffman, St. Louis, for respondent.

KAROHL, Judge.

Plaintiff-respondent Marie Williams brought a worker's compensation claim against her employer, defendant-appellant Nieman Marcus, alleging that she suffered an employment related accidental injury. An administrative law judge denied her claim for compensation, and she appealed to the Labor and Industrial Relations Commission (the commission). The commission reversed the administrative law judge and ordered compensation. Defendant appealed to the circuit court, contesting the validity of the commission's award. The circuit court upheld the commission's award and defendant appeals. We reverse.

The commission's final award was dated October 6, 1981. It was signed by John R. Igoe, the chairman, and Herbert L. Ford, a member of the commission. The third member, Charles B. Fain, was listed as "not sitting." On October 14, 1981, defendant filed a "Motion to Reconsider and Withdraw" the final award, contending that the award of October 6, 1981 was void on its face since chairman Igoe had resigned from the commission effective September 30, 1981.

The commission issued an order on October 16, 1981, "Correcting Final Award Allowing Compensation." The order stated that the commission had made a clerical error in its award of October 6, 1981, and ordered the final sentence of the award to read: "This award was executed by Commissioners Igoe and Ford on September 30, 1981 and issued on October 6, 1981."

This correcting order was signed by commissioner Ford and concurred in by commissioner Fain, concurring only in the correcting order. Thereafter, on October 19, 1981, the commission denied defendant's motion to reconsider and withdraw.

Defendant argues that the commission's final award of October 6, 1981 was void on its face and that the correcting order did not validate it. Because we agree, we need not pursue defendant's other points on appeal concerning the merits of plaintiff's injury claim.

■ The final award of October 6, 1981, failed to include the required number of commissioners to render a valid decision. The commission consists of three members, and any two commissioners constitute a quorum. § 286.010 RSMo 1978. On application for review, if the first hearing was not held before the full commission, the full commission is to make the award after review. § 287.480 RSMo 1978. In this case, one commissioner was "not sitting" and another signed the final award when he was no longer a commissioner. After resigning, Mr. Igoe no longer had any authority to sign an award as a commissioner. See *In re Weston Benefit Assessment Special Road District,* 294 S.W.2d 353, 356–57 (Mo.App. 1956) (if a disqualified member of an administrative body participates in the determination, the decision is void or at least voidable by the aggrieved party). Thus, the award had the valid signature of only one commissioner, and did not constitute the quorum needed to render a decision. See *Graphenreed v. Ford Motor Co.,* 482 S.W.2d 68, 70 (Mo.App.1972) (final award of the commission must be properly signed by two commissioners to constitute a quorum or majority).

Although one member of the commission may hold hearings, require the attendance of witnesses, administer oaths, or take testimony, § 286.060.1(9) RSMo Supp.1982, the decision must be confirmed by a quorum. See *T.J. Moss Tie Co. v. State Tax Comm'n.,* 345 S.W.2d 191, 193 (Mo.1961). As the commission did not strictly comply with the procedural requirements, *Cagle v. Regal Plastics Co.,* 522 S.W.2d 7, 9 (Mo.App.1975), the final award of October 6, 1981 was void.

■ Once void, the final award could not be validated by the method employed by the commission. Instead of issuing a new, valid award signed by at least two commissioners, the commission attempted to rehabilitate the original award by the correcting order of October 16, 1981, calling the mistake a "clerical error." The commission, however, had no statutory authority to issue such a correcting order and an agency has no more authority than that granted to it by statute. *Brooks v. Pool-Leffler,* 636 S.W.2d 113, 119 (Mo.App.1982).

The correcting order purported to validate a final award void on its face for non-compliance with statutory requirements. This order is unlike that approved of in *Fisher v. City of Independence,* 370 S.W.2d 310 (Mo.banc 1963). In *Fisher,* the court held that the commission had authority to enter an order before thirty days had elapsed from the date of the award, after the commission had determined that the employer was not a self-insurer and not within the compensation law's jurisdiction. As the parties had proceeded under a mutual mistake of fact, going to its jurisdiction to proceed, it had the implied power to correct its award.

Here, not only is this type of correcting award unauthorized by statute, its effect would be to contravene portions of the worker's compensation law. After the commission reviews a case, it must make an

award, § 287.480, and *immediately* send the parties and the employer's insurer a copy of the award. § 287.470. In addition, the Administrative Procedure and Review Act, § 536.090 RSMo 1978, requires that every decision and order in a contested case be in writing, and *immediately* upon deciding any contested case, the agency shall give written notice of its decision by delivering or mailing the notice to each party or attorney of record.

■ The correcting order of October 16, 1981, stating that the award was "executed" six days before it was issued, would in effect, allow the decision to be made before it was in writing and before the parties were notified. Hence the parties would not be given immediate written notice of the decision, as the statutes require. The correcting order, therefore, is beyond the commission's power. Moreover, neither the correcting order, nor the original award gains validity from the fact that two commissioners signed the correcting order.

Commissioner Fain concurred in the correcting order only, not the original award, in which he did not participate, and thus his signature on the correcting order did not constitute a quorum for the original award.

We reverse the decision of the circuit court affirming the commission's award, as it was void on its face. We remand to the Labor and Industrial Relations Commission for further proceedings.

SIMON, P.J., and STEPHAN, J., concur.