Vincent J. GRASSMUCK, Employee, Plaintiff-Respondent,

v.

AUTORAMA AUTO EQUIPMENT & SUPPLY COMPANY, Employer, and Aetna Insurance Company, Insurer, Defendants-Appellants.

No. 46167.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 9, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1983.

Application to Transfer Denied Nov. 22, 1983.

sulting from an accident on March 21, 1977. The administrative law judge made an award of compensation, which was appealed by the employer, the insurer, and the employee. The Labor and Industrial Relations Commission, on October 1, 1981, issued a "Final Award" allowing the employee additional compensation. The award was signed by Chairman John R. Igoe and Member Herbert L. Ford. Member Charles B. Fain was listed as "not sitting." On October 29, 1981, the Commission, on its own motion, issued an "Order Correcting Final Award Allowing Compensation." This order increased the amount of the award to include compensation for certain hospital expenses which had been omitted from the award. The correcting order also changed the final paragraph of the award:

> Further, due to a clerical error, the final paragraph of the award reads as follows:
>> Given at Jefferson City, State of Missouri, this *1st* day of October 1981.
>
> That sentence is hereby corrected to read:
>> This award was executed by Commissioners Igoe and Ford on September 30, 1981 and issued on October 1, 1981.

The correcting order was signed by Member Herbert L. Ford. Chairman Terry C. Allen was listed as "not sitting." Member Charles B. Fain filed a one-sentence "concurring opinion" stating that "I concur in this correcting order only."

The employer and insurer appealed from the Final Award and Correcting Order, contending 1) that the award was not supported by competent and substantial evidence, and 2) that the Final Order of October 1, 1981 was invalid because it was not signed by a quorum of two Commissioners as required by § 286.010, RSMo 1978. The circuit court affirmed the decision of the Commission. The employer and insurer then appealed to this court, renewing the contentions made in the circuit court and further contending that the circuit court was without jurisdiction to act on the Commission's invalid order.

Evans & Dixon, Robert M. Evans, St. Louis, for defendants-appellants.

Gray, Stewart & Clarkin, John B. Gray, Clayton, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Respondent Vincent Grassmuck filed a worker's compensation claim for injuries re-

■ It appears from the briefs and argument that appellant's counsel, after receiving the Commission's correcting order, inquired of the Commission concerning the purpose of the portion of the correcting order which changed the date of the "execution" of the award. He found that Chairman John R. Igoe had resigned from the Commission, and that he completed his services to the Commission on September 30, 1981—one day before the "Final Award" was issued. Respondent's counsel does not either admit or deny the fact of Chairman Igoe's resignation, but he does point out that no evidence of Chairman Igoe's resignation was ever introduced before the circuit court or made a part of the record on appeal before this court. The only "evidence" of Chairman Igoe's resignation is a photocopy of a statement typed on the Commission's stationery dated January 6, 1982, and signed by Mary Lanza, Secretary of the Commission. This document was included in appellant's legal file, but there is nothing in the record showing that it was ever introduced into evidence in the circuit court. It was not part of the record on appeal certified to the circuit court by the Commission, and is not in the form of an affidavit. Normally we would be unable to view such a letter as "evidence." *Vogt v. Lambert Pharmacal Co.,* 218 S.W.2d 788, 792 (Mo.App.1949); *but see Mallory v. Drake,* 616 S.W.2d 124, 128 (Mo.App.1981) (letters included in legal file, never introduced or stipulated to but considered by court because both parties accepted them as authentic). Nevertheless this court has a duty *sua sponte* to inquire into and determine matters affecting its own jurisdiction. *Hart v. Board of Adjustment of City of Marshall,* 616 S.W.2d 111, 113 (Mo.App. 1981); *Boatner v. Slusher, Inc.,* 614 S.W.2d 35 (Mo.App.1981). This court would be without jurisdiction if the action of the Commission was not a "final order." *State v. Eversole,* 332 S.W.2d 879, 882 (Mo. banc 1960); *Boatner v. Slusher, Inc.,* 614 S.W.2d at 36. Under these circumstances, we take judicial notice of the recent decision of this court in *Williams v. Neiman-Marcus,* 652 S.W.2d 893 (Mo.App.1983), in which the fact of Chairman Igoe's resignation was undisputed. A court may judicially notice its own records and may judicially notice the records of other cases when justice so requires. *Knorp v. Thompson,* 352 Mo. 44, 175 S.W.2d 889, 894 (1943); *Thompson v. Scott,* 323 Mo. 790, 19 S.W.2d 1063 (1929). The fact of Chairman Igoe's resignation being established, *Williams* is also controlling as to the jurisdictional issue presented here. For the reasons enunciated in *Williams,* we find that the circuit court was without jurisdiction to review the Commission's award and correcting order, and that we similarly have no jurisdiction over this appeal. We therefore dismiss this appeal and remand the matter to the Labor and Industrial Relations Commission for a proper determination.[1]

Appeal Dismissed.

SMITH and KELLY, JJ., concur.

---

1. We wish to point out that a complete rehearing may not be necessary, since under § 536.-080 RSMo (1980) administrative bodies are authorized to make decisions based upon a written record.