Ora Lee **TERRELL**,
Employee/Respondent,

v.

The **BOARD OF EDUCATION
OF the CITY OF ST. LOUIS**,
Employer/Appellant,

**Treasurer of the State of Missouri
on Behalf of the Second Injury
Fund, Additional Party.**

No. 63833.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 21, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 27, 1994.

Application to Transfer Denied
March 22, 1994.

Steven J. McMahon, St. Louis, for appellant.

Frank William Kriegel, Jr., St. Louis, for respondent.

J. Patrick Chassaing, Clayton, for additional party.

GRIMM, Presiding Judge.

In this worker's compensation case, employer/Board of Education appeals a decision by the Labor and Industrial Relations Commission. Commission affirmed an administrative law judge's (1) finding of permanent and total disability, (2) award of future medical benefits, and (3) dismissal of a claim against the Second Injury Fund (fund). We affirm.

Employer raises two points on appeal. First, it alleges commission's award is invalid because commission consisted of only two members instead of three at the time it reviewed and entered the final award. Second, it alleges commission applied an incorrect legal standard in denying fund liability.

## I. Background

On March 8, 1990, employee suffered an injury to her lungs during the scope and course of her employment. On this day, she was using "graffiti remover" in an unventilated bathroom. The label on the graffiti remover stated:

**CAUTION**

**KEEP OUT OF REACH OF CHILDREN**

**WARNING**

**FOR INDUSTRIAL, INSTITUTIONAL AND COMMERCIAL USE ONLY.**

**CONTAINS SODIUM OXIDE. CONTAINS ETHYLENE GLYCOL MONOBUTYL ETHER.**

**Use chemical safety goggles and rubber gloves while using. If swallowed, drink large amounts of water or milk. See Physician. If on skin, wash with water, if in eyes, flush with large amounts of flowing water, see physician. If inhaled, remove to an area with plenty of fresh air. If breathing has stopped, apply artificial respiration and see physician. Rinse empty container with water and discard it.**

While using the graffiti remover, employee became sick and vomited. She then resumed work but became unable to breathe; she crawled out of the bathroom and sat on the hallway floor. After being helped to the basement, employee got in her car to go home. On the way home, she experienced sickness and shortness of breath.

The next day, employee was unable to return to work because of continued breathing difficulties. About 2:00 a.m. on March 10, employee was taken to a hospital by

ambulance. She was diagnosed as having "severe respiratory distress."

At the hearing, employee presented the deposition testimony of Dr. Berg, a licensed physician. He testified that employee's exposure to the graffiti remover resulted in "chemical pneumonitis," "an inflammation of the lung tissue secondary to exposure to irritating chemicals."

The commission found that the "resulting damage to the complex pulmonary system, characterized by Dr. Berg as chemical pneumonitis, gave rise to the acute symptoms which caused the employee to collapse, suffer respiratory failure and subsequently be hospitalized."

Before March 8, employee used the remover every day for approximately three to four months. During this time, she experienced temporary breathing problems but recovered after getting fresh air.

In addition, before March 8, employee never sought medical treatment or used any medicine for breathing difficulties. Also, employee had never lost any time from work because of the fumes and was able to perform all of her regular duties. Since the injury, employee has been unable to work.

## II. Two Member Commission

For its first point, employer alleges "commission's award is invalid because [it] consisted of only two members in contravention of the Constitution of Missouri's requirement that the Labor and Industrial Relations Commission consist of three members...."

■ Arguably, employer's point raises the constitutionality of § 286.010,* which would question our jurisdiction. However, we note that employer's jurisdictional statement does not question our jurisdiction, nor does the argument portion of its brief. At best, this is a colorable claim and we have jurisdiction. *See Hampton Foods, Inc. v. Wetterau Finance Co.*, 831 S.W.2d 699, 701 (Mo.App.E.D. 1992).

Article IV, § 49 of the state constitution, adopted in 1972, states that the Labor and Industrial Relations Commission shall consist

of three members. However, it is silent as to the procedure for conducting business when a commission seat is vacant.

Similarly, § 286.010, adopted in 1945, requires the commission to consist of three members. However, § 286.010 also provides that any two commissioners shall constitute a quorum. Further, this section states, "No vacancy shall impair the right of the remaining commissioners to exercise all the powers of the commission."

Here, commission consisted of two members when it affirmed the award; the third seat was vacant. Employer argues that to the extent § 286.010 allows commission to operate by quorum, it conflicts with the constitution's requirement that commission consist of three members. Thus, employer argues that commission's award is invalid.

■ We are mindful that when a statute conflicts with the constitution it is invalid to the extent of the conflict. However, § 286.010 does not conflict with Article IV, § 49. The constitution is silent as to action by quorum; whereas, § 286.010 specifically states that commission can continue to operate by quorum.

Further, the supreme court in *State ex inf. Danforth v. Butler*, 524 S.W.2d 1, 5 (Mo. banc 1975), stated, "Chapter 286 was not repealed by the 1972 amendment [to the constitution].... The chapter is still alive and functioning as the code by which the commission is guided in its functions." The two member quorum was not acting in violation of the constitution. Thus, the commission's award was valid. Point denied.

## III. Legal Standard

In its second point, employer contends "commission applied an incorrect legal standard in determining whether [employee's] pre-existing lung disease ... was industrially disabling such that second injury fund liability was established."

For its contention, employer points to a portion of commission's rulings of law which stated:

* All statutory references are to RSMo 1986, unless otherwise noted.

the employer-insurer cannot point to a pre-existent non-industrially disabling physiologic status as the efficient cause of the employee's present totally disabled status. Employer asserts that "[t]his standard has no basis in the law and is not the law of Missouri."

 Here, commission did misstate the proper standard by using the term "*non-industrially disabling*." (emphasis added). However, whether the commission erroneously misstated the standard, inadvertently or otherwise, is not controlling. Rather, the critical issue is whether employee's "pre-existing conditions were shown to be 'industrial disabilities.'" *Shipp v. Nat'l Vendors*, 862 S.W.2d 344, 345 (Mo.App.E.D.1993). "An industrial disability is a disability adversely affecting a claimant's *ability to work* or earning capacity, rather than physical impairment as such." *Carron v. Ste. Genevieve Sch. Dist.*, 800 S.W.2d 64, 68 (Mo.App.E.D.1990) (emphasis added); *Shipp*, 862 S.W.2d at 345.

Here, commission found that the "accident of March 8, 1990, *of and by itself,* totally disabled" employee. (emphasis added). In so finding, commission properly considered employee's previous lung condition on her ability to work prior to March 8.

In its rulings of law, commission stated: All the doctors supposed that [employee's] lungs were not perfect before the March 8, 1990, accident. Much attention was given by the testing physicians that until some ten years before this episode, the employee had been a moderate smoker. However, no medical treatment was ever required for pulmonary dysfunction before the accident; no medication had ever been prescribed; and, [employee] was able to function in her work without complaint or censure by her superiors. [Employee], who is a simple, pleasant and totally credible person, made no complaint of any pre-accident breathing problems of the kind and character which manifested since the March 8, 1990, exposure to "Graffiti Remover."

These findings are supported by competent and substantial evidence.

Further, "the Commission is authorized to base its findings and award solely on the testimony of a claimant; this testimony alone, if believed, constitutes substantial evi-

dence to establish those facts to which [claimant] is competent to testify." *Saidawi v. Giovanni's Little Place*, 805 S.W.2d 180, 182 (Mo.App.E.D.1990). Here, commission stated:

the court is mindful of [employee's] credible testimony as to her *ability to work* prior to this accident, despite the presence of the effects of tobacco abuse which, if they did exist, did not disable [employee] in her pursuit of employment. It is ruled, therefore, that the employer-insurer, not the Second Injury Fund, is responsible for permanent total disability benefits.... (emphasis added).

In accordance with commission's findings, employer failed to show that employee's prior tobacco use and resulting damage to her lungs affected her ability to work. Therefore, recovery under the Second Injury Fund was properly denied. Point denied.

The Labor and Industrial Relations Commission's decision is affirmed.

CARL R. GAERTNER and AHRENS, JJ., concur.