Melvena B. HOGUE, Respondent,

v.

MINACT, INC., Employer/Respondent,

and

Treasurer of the State of Missouri, as Custodian of the Second Injury Fund, Appellant.

No. 65908.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 3, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 15, 1995.

Application to Transfer Denied March 21, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., R. Lucas Boling, Asst. Atty. Gen., Jefferson City, for appellant.

Ray B. Marglous, Clayton, Gilbert D. Connor, St. Louis, for respondent.

Victorine R. Mahon, Jefferson City, amicus curiae for respondent.

GARY M. GAERTNER, Judge.

The Treasurer of the State of Missouri, acting on behalf of the Second Injury Fund ("the Fund"), appeals from the award of the Labor and Industrial Relations Commission ("the Commission") awarding respondent Melvena B. Hogue ("employee") weekly permanent total disability benefits for the remainder of her life. We affirm.

On February 4, 1988, employee sustained an injury to her left wrist, arm and shoulder arising out of and in the course of her employment with Minact, Inc. ("employer"). Said injury eventually required carpal tunnel surgery. In May of 1989, employee's treating physician released her to work, but with the restriction that she not lift anything weighing over ten pounds or use any vibrating tool. Employee could not get her job back, and filed a claim for compensation against employer and the Fund for permanent disability.

A hearing was held before an administrative law judge ("ALJ") on November 9, 1992. At the hearing employee testified to numbness, shaking, and an inability to hold objects in her left hand. Employee and employer stipulated that employee sustained permanent partial disability of 25 per cent with reference to her left elbow, and that employer was liable to that extent.

Evidence was entered concerning various injuries and ailments suffered by employee prior to her February 4, 1988, accident. It was determined that employee seriously injured her neck, wrist, and collarbone in a car accident; underwent lung surgery; had heart problems and high blood pressure; and sustained neck injuries from an assault.

On December 28, 1992, the ALJ issued findings of fact, conclusions of law, and an award of permanent total disability. The ALJ found employee's earlier injuries and medical problems amounted to a preexisting industrial disability. The ALJ also found the combination of employee's primary February 4, 1988, injury, her preexisting industrial disability, and her advanced age (66 years old at the time of the hearing), caused her to be permanently and totally disabled.

Pursuant to this finding of permanent total disability, the ALJ ordered employer and the Fund to pay employee permanent partial disability benefits. Employer was found liable for $161.89 per week for 52 and one half weeks, beginning May 8, 1989, the date permanent partial benefits began accruing. The Fund was found liable for $27.17 per week for 52 and five sevenths weeks, also beginning May 8, 1989. The ALJ further ordered the Fund to pay employee permanent total disability benefits of $189.06 per week for the duration of employee's life, beginning May 12, 1990. This award was subject to a lien of 25 per cent in favor of employee's attorney for legal services rendered.

The Fund appealed to the Commission. On March 17, 1994, the Commission affirmed, incorporating the ALJ's award by reference.[1] The main opinion, signed by Commissioner Philip M. Barry, affirmed the ALJ's finding of liability on the Fund and the award of permanent and total disability benefits.

In a separate opinion, Commission Chairperson Henry A. Panthiere concurred with Mr. Barry in finding employee permanently and totally disabled. However, Mr. Panthiere also dissented in part, stating, "I adamantly disagree ... that the Second Injury Fund has any liability in this case ... the

1. The ALJ's award of attorney's fees was modified to 25 per cent of the award, not to exceed $25,000. This modification is not being appealed.

overwhelming weight of the evidence supports a finding that the claimant's preexisting conditions were not industrially disabling."

In another separate opinion, Commissioner Robert Thane Johnson also concurred in part and dissented in part. Mr. Johnson agreed with Mr. Barry that employee's injuries were permanent. He also agreed with that portion of the award finding liability on the part of the Fund, finding "no credible evidence" that employee "should recover solely from the employer/insurer." However, Mr. Johnson further asserted the following:

I concur in the decision because I believe the employee is deserving of some permanent partial disability and I agree that if the claimant was permanently and totally disabled, the Second Injury Fund bears some liability due to preexisting industrial liabilities. I do not believe, however, that she is permanently and totally disabled and I dissent from that portion of the award. (Emphasis in original.)

In sum, two members of the Commission (Barry and Panthiere) agreed employee was permanently and totally disabled, and two members (Barry and Johnson) believed employee suffered from preexisting industrial disabilities, warranting liability on the Fund's part. This appeal ensued.

The Fund argues one point on appeal.[2] The Fund contends the Commission's award of permanent total disability benefits was outside and/or in excess of the Commission's powers and void on its face, because the award was signed by only one member of the Commission and the concurring opinions of the other two members fail to support the award. In other words, the Fund asserts that a quorum of the Commission's members failed to agree to the award. Therefore, according to the Fund, the Commission's award must be vacated.

■ On appeal, we examine the record in the light most favorable to the Commission's award. *Young v. Handy Andy*, 831 S.W.2d 947, 948 (Mo.App.E.D.1992). This Court may modify, reverse, remand for rehearing,

or set aside workers' compensation awards only if the Commission acted without or in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award, or there was not sufficient competent evidence in the record to warrant the making of the award. RSMo § 287.495.1 (1993); *George v. Shop 'N Save Warehouse Foods*, 855 S.W.2d 460, 462 (Mo. App.E.D.1993).

■ The Commission consists of three members, any two of which constitute a quorum. RSMo § 286.010 (1993); *Terrell v. Bd. of Educ. of St. Louis*, 871 S.W.2d 20, 22 (Mo.App.E.D.1993). An award with the valid signature of only one commissioner does not constitute the quorum needed to render a decision. *Williams v. Marcus*, 652 S.W.2d 893, 894 (Mo.App.E.D.1983); *Grassmuck v. Autorama Auto Equipment*, 659 S.W.2d 264, 266 (Mo.App.E.D.1983).

Few decisions have addressed this quorum requirement, and none provide guidance on the precise question raised by the Fund. The Fund cites *Graphenreed v. Ford Motor Co.*, 482 S.W.2d 68, 70 (Mo.App.St.L.D.1972), as support for its argument. However, the facts and conclusion in that case are easily distinguishable from those in the immediate case. In *Graphenreed*, the St. Louis District affirmed both the Commission's award affirming the ALJ and its subsequent order denying a motion to vacate this award. The award was signed by two Commissioners, with the third Commissioner dissenting. The order was signed by two Commissioners—one of whom had originally dissented from the award—with another Commissioner dissenting. The appellant argued that the two dissenting opinions demonstrated that, in fact, the majority opinion was to reverse the ALJ, and the award therefore did not reflect the actual decision of the Commission; accordingly, the Commission acted in excess of its powers. Rejecting this argument, the court ruled both the award and the order were "properly signed by two Commissioners thus constituting a quorum or majority as required by [RSMo § 286.010]." *Graphenreed*, 482 S.W.2d at 70.

---

2. Both employer and employee are listed as respondents in this action; however, only employee filed a brief in response. The Commission filed a brief as amicus curiae.

Here, only Mr. Barry signed the award. Mr. Panthiere concurred in the award's finding of permanent and total disability but dissented from the its finding of Fund liability. Conversely, Mr. Johnson concurred in the award's finding of Fund liability but dissented from its finding of permanent and total disability. According to the Fund, there was no agreement between at least two Commission members on the entire award as required under RSMo § 286.010, and consequently the Commission's award was void on its face. We disagree.

Before liability for permanent and total disability can be imposed on the Fund, there first must be a finding that the claimant suffered from an industrial disability preexisting the work related injury; then, there must be a finding that the combination of the preexisting disability and the immediate injury made it impossible for the claimant to compete for employment in an open market. RSMo § 287.220.2 (Supp.1994); *Carron v. Ste. Genevieve School Dist.*, 800 S.W.2d 64, 67–68 (Mo.App.E.D.1990). Here, two Commissioners agreed there was preexisting industrial disability and, consequently, Fund liability. Two Commissioners agreed employee was permanently and totally disabled. A quorum existed regarding liability of the Fund (preexisting industrial disability), and the extent of that liability (permanent total disability). The fact that the quorum on each issue was comprised of different Commissioners does not, in our view, warrant a finding that the Commission acted in excess of its powers and issued a void award. Nothing in the statutes or case law prevents or prohibits divided awards such as the one at issue here. We find the Commission's award affirming the ALJ is valid. Point denied.

Based on the foregoing, we affirm the award of the Commission.

REINHARD, P.J., and CRAHAN, J., concur.