STATE EX REL. NEW AMSTERDAM CASUALTY COMPANY, APPELLANT, v. EVERT RICHARDSON ET AL., RESPONDENTS.—61 S. W. (2d) 409.

Kansas City Court of Appeals, May 22, 1933.

*Green, Henry, Remmers & McDermott* and *Irwin & Bushman* for appellant.

*Roy McKittrick*, Attorney-General, *Gilbert Lamb* and *Denton Dunn* for respondent.

TRIMBLE, J.—This is a proceeding in *certiorari* from the Circuit Court of Cole County, Missouri, to the Missouri Workmen's Compensation Commission questioning the jurisdiction or power of that body to make a temporary or partial award, "on change of condition," *after* it has made what relator herein, New Amsterdam Casualty Company, calls a *final award* in a claim of compensation by Leo Winschel for injuries alleged to have been sustained by him while in the course of his employment as an employee of Stix, Baer & Fuller Company, a corporation, against said employer and relator as its insurer. The writ of *certiorari* was issued and served and, after making due and proper return to the writ, said Commission filed motion to quash and dismiss the writ, which the trial court sustained after due hearing and consideration thereof, and said writ was quashed and the cause was remanded to the Workmen's Compensation Commission. Petitioner and relator thereupon appealed to this court from the trial court's action.

From the record of said Commission, certified, attached to and returned with, its return to the writ of *certiorari*, we find that on June 25, 1930, one of the members of said commission as referee made an award in favor of Leo Winschel, said employee, against said employer and insurer (relator herein) for injuries arising out of an accident happening November 15, 1929, in St. Louis County, Missouri, which said award is as follows:

"For temporary total disability the sum of $13.33 per week for nineteen weeks, each of said payments to begin as of November 15, 1929, and to be payable and be subject to modification and review as provided in said act. Subject to credit for $205.66 previously paid employee. Also subject to an attorney's fee of $15, payable in a lump sum to Louis A. Lauck, attorney for employee, same to be a lien on the compensation awarded herein."

On July 1, 1930, the employee made application for review by the full commission which was granted and said review was had, and on July 17, 1930, the full commission affirmed on review the award made

June 25, 1931, the award of affirmance being in the identical words of the first award.

On September 10, 1930, employee Winschel filed application for rehearing and review, in which was the following:

"8. Nature of change in condition: Employee sustained a back strain to left sacroiliac and lumbo sacro. Such condition subsequent to award dated July 17, 1930, has changed for the worse necessitating manipulation under anaesthetic and the placing of the back in a plaster paris cast and on account of such change in condition employee has been and is totally disabled for work. Causing a change of condition for the worse which is permanent."

The Commission acknowledged receipt of said application and gave notice that it would hold the hearing on September 11, 1931.

On that date it held the "Hearing on Change of Condition" and made a "Temporary or Partial Award on Change of Condition," and "after hearing the parties at issue, their representatives and evidence" found and awarded "temporary or partial compensation for said accident in favor of the above employee and against the above employer and insurer as provided in the Missouri Workmen's Compensation Act, as follows:

"For temporary total disability the sum of $13.33 per week from July 25, 1930, to and including March 15, 1932, with the right in the employee to ask for an extension thereof should disability extend beyond said date and with the right in the employer and insurer to ask for a modification hereof should disability end prior to March 15, 1932.

"This case is before the Commission by virtue of application made under Section 3340, Revised Statutes of Missouri 1929, and we find from the evidence introduced that employee has proved that due to the accident of November 15, 1929, there has been a change in his condition for the worse since the Commission's final award of July 17, 1930, and he is entitled to compensation as above indicated.

"Each of said payments to begin as of July 25, 1930, and to be payable and be subject to modification and review as provided in said Act.

"This award is only temporary or partial and is subject to further order, and the proceedings are hereby continued and the case kept open until a final award can be made. If this award be not complied with, the amount hereof shall be doubled in the final award, if such final award is in accordance herewith.

"Given at the City of Jefferson, State of Missouri, this 19th day of September, 1931."

It is the making of this temporary or partial award on change of condition, after what relator calls a final award, against which relator complains. The contention is that the award made by the full

commission was a *final award*, and that after final award, the Commission, on a showing of a change of condition, can only *end, diminish* or *increase* the compensation of such final award and cannot enter a temporary or partial award.

There is no attack made on the *sufficiency* of the testimony to justify the action of the Commission in what it did, but only upon the *legal right* or *power* of the Commission to make *any* temporary award at a *reopening* on a change of condition shown.

No appeal lies from a temporary or partial award made by the Commission. [State ex rel. v. Missouri Workmen's Compensation Commission, 10 S. W. (2d) 916, 918.] Consequently relator has resorted to *certiorari*. By means of this writ, the circuit court of Cole County has jurisdiction to review the Commission's record to see whether, in the matter complained of, the Commission has abused, gone beyond or exceeded its power. [Sec. 23, Art. 6, Mo. Const., 15 Mo. St. Ann., p. 217; State ex rel. v. Westhues, 286 S. W. 396, 398; State ex rel. v. Board of Education, 294 Mo. 106, 118.] Indeed, respondents make no contention to the contrary, *if* the Commission has exceeded its power or jurisdiction; but their contention is that the Commission has not done so. And, as we interpret the record, the trial court quashed the writ of *certiorari* because the Commission's jurisdiction had not been exceeded by it and not for any supposed want of power in the trial court to issue the writ.

It may not be necessary to so say, but we cannot refrain from remarking, that it is not *conclusively* shown that the award made by the full commission on review, July 17, 1930, was a technical final award in the sense that it was made as, and intended to be, a *finality unless,* on a review, under Section 3340, Revised Statutes of Missouri 1929, 12 Mo. St. Ann., p. 8273 (being Section 42 of original Act, Laws 1925, p. 396), the Commission would make an award "ending, diminishing or increasing" the compensation previously awarded. It was a final award merely as compared with the preliminary award made by the one member of the commission, and only in that sense can it be regarded as a final award. However, be this as it may, we will consider the case on the theory that the said award of July 17, 1930, is a final award as understood and insisted upon by Relator.

The sole issue, therefore, is one of law, namely, has the Commission the power, after such award as it made July 17, 1930, to make a temporary award under Section 3344, Revised Statutes 1929, 12 Mo. St. Ann., p. 8261, when it finds that a change of condition has arisen and the evidence calls for such temporary award rather than a fixed, final and certain one at once upon a rehearing? The relator contends that the Commission has no such power.

So far as we can ascertain, the contention or question is one of first impression in the construction of the Missouri Workmen's Com-

pensation Act, Laws Mo. 1925, p. 375, Chapter 28. Sections 3299 to 3376, both inclusive, Revised Statutes 1929, 13 Mo. St. Ann., pp. 8288-8294. Relator has not cited us to any decisions bearing, in any determinative character, on the matter involved. And respondents frankly concede that they are not able to cite any decisions on the question nor have we been able to find any.

It would seem, therefore, that we are thrown back upon the Compensation Law itself and, "taking it by-and-large" as the sailors are reported to say, we must consider the breadth and purpose of the Compensation Law, and keeping in mind the command of Section 3374, Revised Statutes 1929, 12 Mo. St. Ann., p. 8293, that the provisions of that law "shall be liberally construed with a view to the public welfare," we are constrained to hold that the Compensation Commission did not exceed its jurisdiction in what it did and that the trial court's action in quashing the writ of *certiorari* was correct.

In the first place, the Workmen's Compensation Law, Section 3299, Revised Statutes 1929, 12 Mo. St. Ann., p. 8229, does not seem to contemplate that any award shall be *final* in the sense that a judgment becomes final so that it cannot be changed or modified except in a certain prescribed way and under certain well defined conditions specified by law.

Section 3340 of said law authorizes a review or rehearing to review *"any award"* and this it may do "upon its *own motion* or upon the application of any party in interest on the ground of a change in condition." This can be done "at any time," and the only limitation upon the plenary power of the Commission to change the award as it would have done could it have foreseen the change in the injured employee's condition, is in the last clause of the section which says "no such review shall affect such award as regards any moneys paid." Or in other words in such review, when a "change of condition" is shown, then the Commission's full original jurisdiction revives except "as regards any moneys" paid already.

Again, what has the Commission done in its review order except to extend the time beyond the nineteen weeks in which the $13.33 payments are to be made, unless the disability arising from such changed condition is terminated sooner or extended beyond the date of March 15, 1932? What is this but "increasing" the compensation or even diminishing it according to the continuance or ending of such total disability, which is *expressly* permitted by said Section 3340.

This idea of a *continuing* jurisdiction to enable the Commission to correct earlier findings so as to correspond to subsequent developments and thereby do more exact justice to each party than any possible foresight (aside from infinite omniscience), could do, is in

exact keeping with that provision of Section 3344, which says without any qualification whatever:

"In *any* case a *temporary or partial* award of compensation may be made, *and the same may be modified from time to time to meet the needs of the case,* and the same may be kept open until a final award can be made, and if the same be not complied with, the amount thereof *may* be doubled in the final award, *if* the final award shall be in accordance with the temporary or partial award." (All italics in this opinion are the author's.)

It follows from what has been said in the foregoing, that the judgment of the learned trial court should be affirmed. It is so ordered. *Shain, P. J.,* and *Bland, J.,* concur.