STATE of Missouri, at the Relation of Ollie Victoria FARIS, et al., Relators,

v.

Honorable Edward T. EVERSOLE, Judge of the Circuit Court of Iron County, Missouri, Respondent.

No. 47407.

Supreme Court of Missouri,

En Banc.

March 14, 1960.

. Samuel Richeson, Dearing, Richeson & Weier, Hillsboro, for relators.

Evans & Dixon, Robert M. Evans, John R. Dixon, St. Louis, for respondent.

LEEDY, Judge.

By this original proceeding relators would prohibit the exercise of jurisdiction by the respondent, as Judge of the Iron Circuit Court, over an appeal (presently docketed in his court) from an order of the Division of Workmen's Compensation denying the application of the employer and insurer for an order to exhume the body of relators' decedent and perform a post-mortem examination.

Relators (dependent-widow and dependent-grandson) are the claimants in the compensation proceeding. They seek compensation for the alleged accidental death of Hubert Marion Faris, an employe of Heyward Granite Company, which company's liability with respect to workmen's compensation benefits was insured by the Travelers Indemnity Company. "How accident happened, cause and work employee was doing for employer at the time" is thus stated in their claim: "[R]unning polishing machine powered by electricity; power supply short-circuited into frame and parts of machine, electrocuting employee." The answer averred that the employer and insurer were without sufficient knowledge or information on which to form a belief as to the allegations of the claim, and therefore denied the same and each of them. Contemporaneously with, or shortly after, the filing of the answer, the employer and insurer filed the application mentioned above, averring, as reason therefor, "that the actual and real medical train of events and cause of death cannot be ascertained" in the absence of such post-mortem examination. In that connection it was further alleged that no physician attended the employe prior to his death and no post-mortem examination was made on his body; that the coroner's jury returned an "open verdict," not determining by what means deceased came to his death from either a factual or medical standpoint.

After an extensive hearing on said application at which a very considerable amount of oral testimony was offered (nearly 200 pages), the referee found that "the issues in this claim can be determined without the post-mortem examination," and accordingly denied the application. On review by the full commission, that body took the same view, and found (one member dissenting) "that the movants have failed to show that such extraordinary circumstances exist as to warrant this procedure."

Such was the posture of the compensation case (there having been no hearing on the merits) when the employer and insurer filed the commission's Form WC–10, "Notice of Appeal to Circuit Court" (of Iron County), designating the foregoing order as the subject matter of the appeal, and requesting the commission to return to said court "all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, order or decision," etc. The commission did transmit, as requested, the documents and file in said matter, together with a transcript of the proceedings of the commission. After moving unsuccessfully in the circuit court to remand (on the ground that the appeal was premature in that "no final award has been rendered"), the relators instituted this original proceeding in prohibition.

■ The sole question for determination is whether the order denying the application to exhume and to perform a post-mortem examination is appealable. If it is, then the preliminary rule should be quashed; if it is not, then the rule should be made peremptory. We approach the problem with these basic principles in mind: First, that in the review of workmen's compensation proceedings, the usual requirement of finality, as found in civil cases generally, applies; and, secondly, "In compensation proceedings the decisions subject

to appeal are those expressly declared to be appealable by the statutory provisions authorizing appeals in such proceedings, and other decisions are not appealable." 100 C.J.S. Workmen's Compensation §§ 683, 684.

Both parties invoke section 287.490, subd. 1, RSMo 1949 and V.A.M.S., in support of their respective positions, relators relying upon the literal meaning of its words, and respondent taking the position that the section stands broadened by force of those provisions of art. V, § 22, Const. of Mo., V.A.M.S., relating to judicial review of the action of administrative agencies, which have been held to be self-executing. For our purposes, it will be sufficient to say of § 287.490, subd. 1 that it provides that the "final award of the commission shall be conclusive and binding unless either party to the dispute shall within thirty days from the date of the final award appeal to the circuit court," etc., and prescribes the manner of effecting such an appeal, etc.

■ This language is plain and unambiguous, and, on its face, would seem to be subject to no other interpretation than that it makes provision for the review of only final awards of the commission; that is, one which fully disposes of the entire controversy between the parties as far as the board is concerned. Knox Consol. Coal Corp. v. Onions, 114 Ind.App. 570, 53 N.E. 2d 643. If so, then relators are clearly correct in their contention that the appeal was premature because taken prior to a final award, unless it can be said that the statute has been broadened by force of the constitutional provision to which reference has been made. That provision reads as follows: "All final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law,

whether the same are supported by competent and substantial evidence upon the whole record." Art. V, § 22.

■■ That part of § 22 ending with the words "as provided by law" and followed by a semicolon (authorizing the legislature to provide direct review of the administrative acts mentioned) has been held to refer to the method of review provided or to be provided by law, and is not self-executing; whereas the remainder of said section relates to the scope of review of administrative decisions, and such provisions are mandatory and self-executing. Wood v. Wagner Electric Corp., 355 Mo. 670, 674, 197 S.W.2d 647, 649; State ex rel. Leggett v. Jensen, Mo., 318 S.W.2d 353, 358; Cohen v. Ennis, Mo., 318 S.W.2d 310, 313–314. "Nothing could be clearer than that Wood v. Wagner Electric Corp., supra, held the portion of Art. V, § 22, providing for the *scope of review* was self-executing and that the portion *shall be subject to direct review by the courts as provided by law* was not self-executing but referred to the various methods of review then provided or to be thereafter provided by law." Eberle v. Plato Consolidated School District No. C–5, Mo., 313 S.W.2d 1, 3. See, also, State ex rel. Highway Commission v. Weinstein, Mo., 322 S.W.2d 778, 787–788.

■■ Respondent contends that the order in question was a final order or decision authorized by law, and hence the proper subject matter for appeal by the review method provided by section 287.490, subd. 1. In so doing he argues "that the 'scope of review' deals both with *what* can be reviewed and the *extent* to which the court can go in reviewing the same, whereas 'method of review' deals with *how* the review must be taken." He then points to the constitutional provision "and such review shall include the determination whether the same are authorized by law," and says such provision has the effect of broadening the scope of the subject matter of § 287.-490, subd. 1 so as to include within its

sphere all final orders or decisions "authorized by law," thus conforming the statute to what he says is the minimum standard of review fixed by said constitutional provision. The contention must be disallowed. We are of the opinion that "such review," as used in § 22, can only refer to the review of such final administrative actions ("decisions, findings, rules and orders") as may be provided by law, and clearly the legislature has not so provided with respect to the type of order here sought to be appealed. Moreover, the order is devoid of finality, an attribute essential to reviewability. It follows that the respondent judge has no jurisdiction to entertain the appeal, for which reason the preliminary rule in prohibition heretofore issued should be made peremptory. It is so ordered.

All concur.