**Loretta HICKMAN, Appellant,**

v.

**GOETZE–NIEMER, a corporation, and Liberty Mutual Insurance Company, Respondents.**

**No. KCD 29907.**

Missouri Court of Appeals, Kansas City District.

Oct. 2, 1978.

Motion for Rehearing and/or Transfer Denied Nov. 13, 1978.

Application to Transfer Denied Dec. 18, 1978.

Haskell Imes, Kansas City, for appellant.

A. Warren Francis, Lloyd A. Hamrick, Jeffrey T. O'Connor, Kansas City, for respondents.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal by workmen's compensation claimant from judgment which reversed Industrial Commission's order of reinstatement of claim and remand for hearing of its merits. The dispositive question is whether the order of reinstatement and remand is a final and appealable judgment. Reversed.

Loretta Hickman filed a claim for compensation March 7, 1973, for injury within the course and scope of her employment with Goetze-Niemer December 18, 1972. The referee entered an order of dismissal May 13, 1975, which recited that prehearing conference was set for August 14, 1973, and that subsequent hearings were set for Feb-

ruary 26, 1974, June 17, 1974, December 5, 1974, and May 5, 1975. Claimant received notice of the June 17, 1974, hearing; claimant discharged her attorney September 5, 1974.

Claimant filed a motion to reinstate December 10, 1976, and the claim was set for hearing February 1, 1977. The employer and insurer opposed the motion to reinstate. Neither claimant nor her attorney appeared at the hearing, and the referee denied claimant's motion for reinstatement February 8, 1977.

Claimant filed an identical motion for reinstatement March 4, 1977. It was set for hearing April 7, 1977, and all parties appeared. The referee denied reinstatement April 26, 1977.

Claimant appealed the referee's ruling to the Industrial Commission May 5, 1977. The Commission found, July 18, 1977, that notice of the hearing set for May 5, 1975, did not comply with Section 287.520, Revised Statutes of Missouri, and that claimant was not given notice of that hearing. The Commission accordingly set aside the referee's order of dismissal of the claim and remanded it for hearing on its merits.

The employer and insurer appealed the Commission's order of reversal and remand to the circuit court. The court found the claim "stale for want of prosecution," and on that ground reversed the Commission's remand, reinstated the referee's order of dismissal, and dismissed the claim.

Appellant contends the court's judgment was an abuse of discretion and in excess of the scope of review of decisions of the Industrial Commission as envisioned by Missouri Constitution, Article V, Section 22, and Section 287.490, Revised Statutes of Missouri. Respondent argues in support of the trial court's findings on claimant's lack of diligence in prosecution of her claim.

Missouri Constitution, Article V, Section 22, authorizes the legislature to provide for review of the administrative acts in question. Section 287.490, Revised Statutes of Missouri, provides for judicial review of a "final award" of the Industrial Commission

and limits the court's authority to set aside an award to four grounds and "no other." Failure of a claimant to prosecute with diligence does not fall within the grounds so specified.

The order subjected to review by the court in this case neither grants nor rejects the claim. It simply remands the claim for a hearing on its merits. Accordingly, it is devoid of finality and was not reviewable by the circuit court. *State v. Eversole,* 332 S.W.2d 879 (Mo. banc 1960).

Judgment reversed with directions to remand to the Industrial Commission for furtherance of its order of reinstatement and remand of claim for hearing on its merits. (Respondents' motion to dismiss appeal, "taken with the case," is overruled.)

All concur.