Velma SANDERS, Appellant,

v.

MISSOURI STATE DIVISION OF FAMILY SERVICES, Respondent.

No. KCD 29997.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1978.

Motion for Rehearing and/or Transfer Denied Jan. 31, 1979.

Application to Transfer Denied March 13, 1979.

James M. Smith, Effie F. Day, Legal Aid of Western Missouri, Kansas City, for appellant.

Robert R. Northcutt, Paul T. Keller, Division of Family Services, Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Velma Sanders (Sanders) appeals from the judgment of the Circuit Court of Jackson County, Missouri, dismissing her petition for judicial review of an administrative decision of the Director of the Division of Family Services (DDFS) authorizing the Jackson County Office of the Division of Family Services to "proceed" with "appropriate action" to collect overpayments of Aid to Dependent Children (ADC) benefits.

Facts leading up to Sanders' appeal go back to March of 1975 when she applied and received approval for the payment of ADC benefits. In June of 1975 Sanders began receiving unemployment compensation benefits in addition to the ADC benefits which she was being paid. Upon learning of this additional income, the DDFS conducted a hearing on January 26, 1976, to determine whether Sanders remained eligible for ADC benefits. As a result of this hearing the DDFS determined that Sanders was no longer eligible for ADC benefits and payment of them was terminated on two grounds: (1) Sanders did not meet the statutory requisite of "need" under Section 208.010, RSMo Supp. 1975; and (2) Sanders'

children were not deprived of parental support within the meaning of Section 208.-040(2), RSMo Supp. 1975. The DDFS's decision become final, as no appeal was taken.

In May of 1976 a "restitution summary" pertaining to the ADC benefits which had been paid to Sanders was prepared by a "caseworker" and submitted to the Claims and Restitution Unit of the Division of Family Services (CRU). The CRU in turn prevailed upon the Jackson County Office of the Division of Family Services to demand repayment of benefits received by Sanders during her period of ineligibility. Confronted with this demand, Sanders requested and was granted a hearing before the DDFS.

On January 11, 1977, the hearing requested by Sanders culminated in the rendition of what was captioned "Decision and Order". In a sense it was two-tiered as it included a separate "decision" portion and a separate "order" portion. The "decision" portion recited that "[a] demand for restitution of benefits unlawfully received has been made by the State . . ." and concluded that "[i]n view of the above regulation [13 CSR 40–2.190] the County's action is sustained." The "order" portion, in its entirety, recited that "[t]he County is to procede (sic) with the appropiate (sic) action on the collection of the claim." Sanders sought judicial review of this administrative decision in the Circuit Court of Jackson County, Missouri. The trial court dismissed her petition for review "for the reason that said decision and order does not represent an appealable agency determination." The trial judge reasoned that the "order is not ripe for review for the reason that it does not in and of itself affect any of Petitioner's rights and she is therefore not aggrieved." Notwithstanding Sanders' appeal, the judgment of the trial court dismissing her petition for review is affirmed.

Art. V, § 22, Constitution of Missouri, 1945, is the ultimate repository of answers to basic questions of judicial review of administrative decisions in this state. As construed in the landmark case of *Wood v. Wagner Electric Corporation*, 355 Mo. 670,

197 S.W.2d 647, 649 (banc 1946), the minimum scope of judicial review in cases in which a hearing is required by law, as spelled out in Art. V, § 22, supra, is "self-executing" while, on the other hand, the "method of review" is not self-executing but is dependent upon such procedural devices as may be provided by law. Construction of the fundamental provisions of Art. V, § 22 ultimately went full circle in *State v. Eversole*, 332 S.W.2d 879, 882 (Mo. banc 1960), where it was held that what constitutes a final administrative decision for purposes of judicial review is such as may be provided by law.

Section 208.100.1, RSMo 1969, applicable to administrative decisions of the DDFS, limits judicial review to those denying "benefits" to an "applicant". As the "Decision and Order" of the DDFS did not constitute a denial of benefits to Sanders it necessarily follows that no final administrative decision existed for purposes of judicial review. Sanders seeks to avoid this syllogistic conclusion by branding as false the major premise upon which it rests. She argues that the "Decision and Order" adjudicated the exact amount of the overpayments and conclusively foreclosed all cognizable defenses which might otherwise have been asserted in some future recovery proceeding. The final link in her argument is that application of the doctrine of "res judicata" would preclude her in any future recovery proceeding from contesting the exact amount of overpayments claimed and from asserting all cognizable defenses she might otherwise have had available. Sanders' major premises is the one which lacks verity. Try as one may, the "Decision and Order" of the DDFS cannot be stretched far enough to encompass Sanders' major premise that the exact amount of overpayments and all cognizable defenses which might defeat its recovery were finally adjudicated. Sanders' imploration that this court read into the DDFS's "Decision and Order" something which is not there is unsuccessful. It is immaterial whether the Jackson County Office of the Division of Family Services proceeds externally by way of a civil action (Section 208.210.2, RSMo

1969) or internally by way of setoff against future assistance benefits (13 CRS 40–2.190) for the collection of any alleged overpayments because in either event the exact amount of any overpayments and any cognizable defenses to defeat its recovery remain viable issues since neither were adjudicated by the "Decision and Order" rendered by the DDSF. Perforce, Sanders' apprehension of prejudice associated with application of the doctrine of "res judicata" is unfounded. The trial judge was eminently correct when he reasoned that the "Decision and Order" rendered by the DDFS "is not ripe for review for the reasons that it does not in and of itself affect any of Petitioner's rights and she is therefore not aggrieved."

Judgment affirmed.

All concur.