Charles JOHNSON, Plaintiff–Appellant,

v.

GENERAL MOTORS ASSEMBLY DIVISION G.M.C., Defendant–Respondent.

No. 41957.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 15, 1980.

Rehearing Denied Sept. 12, 1980.

R. J. Robinson, Festus, for plaintiff–appellant.

John L. Harlan, Jr., St. Louis, for defendant–respondent.

DOWD, Presiding Judge.

Charles Johnson (claimant) appeals from the circuit court's judgment reversing the award made by the Industrial Commission (Commission).

The circuit court's judgment was explicitly based upon a dissenting opinion which was filed in conjunction with the Commission's final award allowing compensation. In that opinion the dissenting Commission member stated that the claimant's "testimony alone, if unimpeached and believed, would probably be sufficient to establish an 'accident' within the meaning of the law," but that the "record . . . demonstrates such a deficiency of credibility . . as to be fatal to his claim for compensation." The opinion concludes, after pointing out alleged testimonial inconsistencies, that the Commission's award was not supported by competent or substantial evidence. The dissenting member arrives at this conclusion not on the basis that the evidence is insufficient and therefore insubstantial but on the basis that it is unbelievable and therefore insubstantial and incompetent.

The credibility of the evidence is particularly within the province of the Commission [*Shepard v. Robinson*, 451 S.W.2d 329, 335 (Mo.1970)], and as a member of that body, the dissenter could properly base his opinion upon what he viewed to be a lack of evidentiary credibility. The circuit court, as a court of review, could not, however, base its reversal of the Commission's award upon its belief, in agreement with the dissenter, that the evidence was not believable. The reviewing court is bound to affirm the finding of Commission majority if, after a review of the entire record in the light most favorable to that finding, the court believes the award is supported by substantial and competent evidence. § 287.490 , RSMo 1969; *Faries v. A.C.F. Industries, Inc.*, 531 S.W.2d 93, 96 (Mo.App. 1975). Our review of the case from this point of view convinces this court that the Commission's award is supported by substantial and competent evidence and we, therefore, reverse the circuit court's judgment and reinstate the Commission's award.

A brief review of the evidence in the light most favorable to the award reveals that the claimant had worked for General Motors for many years but had worked on the "horse collar"[1] operation for only two or three days when he hurt his back. Claimant testified that on the day of his injury as he was removing a radiator from the line a vacuum tank began to fall toward the floor. As he stooped in an attempt to grab the tank he twisted his back. Claimant had never, prior to this incident, experienced any low back or leg pains. After the incident he felt sharp pain in his back slightly to the left of his spine. He continued to work with pain and later the same day obtained permission from his foreman to visit the company doctor. Claimant continued to experience pain and visited company doctors on several occasions following the injury. One doctor prescribed special placement in a "standing up" job; the other doctor limited claimant's lifting to 30 pounds and prescribed minimal bending. For several months following claimant's injury he complained of pain and of being too tall for the job. Despite his complaints and the doctors' prescriptions claimant's foreman kept him on the same job until he was hospitalized for treatment of his back. After his release, claimant returned to his job but was unable to continue working due to the severity of his back pains. It was at this time he began to experience pain in his left leg. Claimant reentered the hospital for further treatment and was informed of his need for corrective surgery which was eventually performed.

Dr. Luther, witness for the appellant, testified by deposition that claimant suffered from spondylolisthesis, a defect in one of the vertebrae of the spine. The doctor stated that it is not known whether the condition is congenital or a stress fracture but that in any case it causes slippage of the vertebrae. People with this condition are more susceptible to back injury. Doctor Luther classified claimant's injury as permanent and partial (25 to 30 percent) disability. In response to a hypothetical question posed on cross examination the doctor stated that in his opinion claimant had suffered no disability prior to the incident in question and that there was a cause and effect relationship between the incident and claimant's pain and medical condition which necessitated the surgery.

An inherent weakness or bodily defect, such as spondylolisthesis, occurring in conjunction with an abnormal strain, such as claimant suffered here will support a claim for compensation. *Mashburn v. Chevrolet–Kansas City Division, General Motors Corp.*, 397 S.W.2d 23, 29 (Mo.App. 1964); *See, Luketich v. Krey Packing Co.*, 413 S.W.2d 29, 35 (Mo.App.1967).

The record before us does contain some conflicting evidence, however, the resolution of those conflicts rests exclusively with the Commission. *Skinner v. Dawson Metal Products*, 575 S.W.2d 935, 940 (Mo.App. 1978).

Judgment is reversed and cause remanded for reinstatement of the Commission's award.

SATZ and CRIST, JJ., concur.

1. A job wherein the worker was required to move one end of the front end assembly of an automobile from the conveyor and attach it to the chassis. The total weight of the assembly was approximately 70 pounds.