**Faye BOATNER, Claimant-Respondent,**

v.

**SLUSHER, INC., Employer-Appellant,**

**and**

**Continental Casualty Company,
Insurer-Appellant.**

**No. 11915.**

Missouri Court of Appeals,
Southern District,
Division Three.

March 20, 1981.

Manuel Drumm, Drumm & Leible, Sikeston, for claimant-respondent.

James B. Kennedy, Evans & Dixon, St. Louis, for appellants.

PREWITT, Judge.

The Labor and Industrial Relations Commission made a "temporary or partial award" to the employee pursuant to § 287.-510, RSMo 1978. The employer and insurer appealed to the circuit court which affirmed the award.

While not questioned by the parties, this court is obligated to determine if it has appellate jurisdiction. *Frey v. Gabel,* 574 S.W.2d 38, 39 (Mo.App.1978). Section 287.490, RSMo 1978, provides for appeal from a "final award" of the commission. A

final award under § 287.490 is one which disposes of the entire controversy between the parties. *State ex rel. Faris v. Eversole,* 332 S.W.2d 879, 881 (Mo. banc 1960). The decisions appealable in workmen's compensation proceedings are only those expressly declared to be appealable by statute. Id. 332 S.W.2d at 880–881. We find no statutory authorization for appeals from temporary or partial awards. Such awards are not final and there is no appeal from them. *State ex rel. Prescott Laundry Co. v. Missouri Workmen's Compensation Commission,* 320 Mo. 1156, 10 S.W.2d 916, 918 (banc 1928); *Melvin v. Harrison Engineering and Construction Co.,* 232 Mo.App. 382, 107 S.W.2d 836, 840 (1937); *State ex rel. New Amsterdam Casualty Co. v. Richardson,* 227 Mo.App. 1221, 61 S.W.2d 409, 410 (1933). The circuit court did not have jurisdiction to review the award and neither do we.

The appeal is dismissed.

All concur.