**Gary D. SMITH, Appellant,**

v.

**OZARK LEAD COMPANY and Liberty Mutual Insurance Company, Respondents.**

No. 15048.

Missouri Court of Appeals, Southern District, Division One.

Nov. 17, 1987.

Motion for Rehearing or Transfer to Supreme Court Denied Dec. 9, 1987.

Application to Transfer Denied Jan. 20, 1988.

John R. Igoe, Daniel R. Devereaux, St. Louis, for appellant.

Edward W. Warner, Laura B. Allen, Evans & Dixon, St. Louis, for respondents.

CROW, Chief Judge.

Gary D. Smith ("claimant") appeals from a circuit court judgment affirming a "Temporary or Partial Award" of "compensation for nursing care" by the Labor and Industrial Relations Commission ("the Commission") under "The Workers' Compensation Law," chapter 287, RSMo 1978, as amended. Inasmuch as the dispute is based on a claim that arose prior to August 13, 1980, claimant began the process of judicial review by appealing the Commission's award to the circuit court, § 287.490, RSMo Cum. Supp.1984, instead of directly to this Court.

The award that is the subject of this appeal is based on evidence adduced at a hearing on January 29, 1985, before an Administrative Law Judge ("ALJ") of the Division of Workers' Compensation. At the hearing, it was stipulated that on December 29, 1976, claimant sustained an injury by accident arising out of and in the course of his employment by Ozark Lead Company ("Ozark"), that at said time Ozark was an employer subject to The Workers' Compensation Law, and that Ozark's liability thereunder was "fully insured by the Liberty Mutual Insurance Company." Henceforth, we refer to Ozark and Liberty Mutual collectively as "respondents."

It was further stipulated that compensation aggregating $58,900 had been paid to

claimant for permanent and total disability as of the date of the hearing, and that "[m]edical aid paid to date totals $253,-180.45." The latter sum included the following amounts for nursing care: $135 per week commencing July 25, 1977, increased to $175 per week commencing November 29, 1978, and increased to $240 per week commencing May 17, 1982, for a total of $75,750. The parties also agreed that an additional $19,000 had been paid to claimant "disposing of the issue of the penalty that was being alleged by reason of an unguarded machinery violation."

Finally, the parties agreed that claimant's injury "was permanent and totally disabling."

The purpose of the hearing appears in this excerpt from the transcript.

"[ALJ]: ... I believe at the present time, Mrs. Mildred Smith is the wife of the [claimant], Gary Smith, who is receiving the sum of $240.00 per week for nursing care which sum commenced May 17, 1982 and continues at this time.

[Respondents' attorney]: That's right.

[ALJ]: And the purpose of our hearing today is for additional compensation for said services; is that correct?

[Respondents' attorney]: That is correct."

Evidence was presented on that issue by claimant and by respondents. On March 29, 1985, the ALJ entered a "Temporary or Partial Award" based upon "Findings of Fact and Rulings of Law." The ALJ ruled:

"[Respondents] are directed to increase [claimant's] reimbursement for nursing care from $240.00 per week to $300.00 per week commencing January 1, 1985 through December 31, 1985. Thereafter, nursing care allowance shall increase five percent (5%) per week per annum commencing January 1, 1986 through December 31, 1989 unless [claimant's] physical and/or mental condition warrants a modification of this temporary award prior to December 31, 1989 when the case will be reset for further order.

... Amount of Compensation payable:

| | | |
|---|---|---|
| 1985: | $300.00 per week ....... | $15,600.00 per annum. |
| 1986: | $315.00 per week ....... | $16,380.00 per annum. |
| 1987: | $330.75 per week ....... | $17,199.00 per annum. |
| 1988: | $347.28 per week ....... | $18,058.95 per annum.1 |
| 1989: | $364.64 per week ....... | $18,961.28 per annum. |

Total nursing care compensation for 260 weeks.................................. $86,199.23."

Claimant and respondents applied separately to the Commission for review of the ALJ's award. On April 10, 1986, the Commission, in a "Temporary or Partial Award" signed by two of its three members, ruled:

"The Commission agrees that the claimant should be allowed $300.00 per week for nursing care commencing January 1, 1985. We cannot, however, concur with the provision in the [ALJ's] award for an increase in this weekly amount by five percent (5%) per week per annum for the period January 1, 1986 through December 31, 1989. The Commission finds that any provision for an increase in future nursing care costs would be based on speculation. The Commission finds no testimony or other evidence in the record to support the five percent (5%) yearly increase in nursing care costs provided for in the [ALJ's] award.

Therefore, the [ALJ's] award is modified to provide compensation for nursing care to the claimant at the flat rate of $300.00 per week commencing January 1, 1985, until December 31, 1989, when this case will be reset for further order.

We find the remainder of the award of the [ALJ] to be supported by competent and substantial evidence and made in accordance with the Missouri Workers' Compensation Act; and, therefore, the Commission, pursuant to Section 286.090 Revised Statutes of Missouri, hereby affirms the remainder of the temporary or partial award of the [ALJ] dated March 29, 1985."

Claimant filed a timely notice of appeal from the Commission's award to the circuit court. Respondents did not appeal. In response to claimant's appeal, respondents filed a motion to dismiss, averring that by

1. According to our calculations, the amount per annum for 1988 should be $18,058.56.

reason of § 287.510, RSMo 1978, the Commission's "Temporary or Partial Award" is subject to modification from time to time until rendition of a final award, that § 287.490, RSMo Cum.Supp.1984, provides for an appeal to a circuit court from only a "final award" of the Commission, and that decisions of the Commission in workers' compensation cases from which an appeal can be taken are only those expressly declared appealable by statute. Insisting there was no statutory authority for claimant's appeal, respondents prayed the circuit court to dismiss it "on the basis that the Court lacks jurisdiction over the cause."

The circuit court denied respondents' motion to dismiss, stating:

"Although the award of the Commission is designated a 'Temporary Or Partial Award', said award does in fact dispose of all issues and controversies between the parties at this time. The award of the Commission does provide that the case will be reset for further order after January 31, 1989. This, however, is due to the very nature of an award for permanent and total disability. This Court sees no difference in principle between the Order of the Commission in this case and a decree of dissolution in marriage providing for maintenance and child support, which is a final and appealable order, yet always subject to modifications upon a change of circumstances and conditions."

Reaching the merits of claimant's appeal, the circuit court held that the Commission's award was supported by competent and substantial evidence. Accordingly, as reported at the outset of this opinion, the circuit court affirmed the Commission's award. This appeal followed.

Consistent with their position in the circuit court, respondents promptly filed a motion in this Court to dismiss claimant's appeal. In considering respondents' motion, our first task is to identify the genre of the Commission's award of April 10, 1986, and the statutory authority by which it was made.

■ The initial paragraph of the Commission's award says, in pertinent part:

"The above-entitled workers' compensation case has been submitted to the ... Commission for review as provided by Section 287.480 Revised Statutes of Missouri."

Section 287.480, RSMo 1978, provides:

"If an application for review is made to the commission within twenty days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if considered advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file it in like manner as specified in section 287.-470 . . . ."

Awards by an ALJ under § 287.460, RSMo 1978, are eligible for review by the Commission under § 287.480, above. *Todd v. Goostree*, 528 S.W.2d 470, 474 (Mo.App. 1975). Section 287.460 provides:

"The division, through an administrative law judge, shall hear in a summary proceeding the parties at issue and their representatives and witnesses and shall determine the dispute. . . . The award, together with a statement of the findings of fact, rulings of law and any other matters pertinent to the question at issue, shall be filed with the record of proceedings . . . ."

Apart from the statutes enumerated above, there is in chapter 287 a statute specifically authorizing a "temporary or partial award of compensation." That statute is § 287.510, RSMo 1978. It provides:

"In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount thereof may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award."

The Commission has promulgated a rule —8 CSR 20–3.040—wherein the Commission recognizes the difference between an award under § 287.510 and an award under

§ 287.460. As authorized by § 536.031.5, RSMo 1978, we take judicial notice of such rule. It provides:

> "PURPOSE: *The purpose of this rule is to specify when an application to review a temporary or partial award may be filed.*
>
> (1) Whenever a referee issues a temporary or partial award, under section 287.-510 RSMo, the same shall not be considered to be a final award from which an application for review may be made. The time for making an application for review shall not commence until a final award is issued by the referee in cases where a temporary or partial award has been issued.
>
> (2) Any party who feels aggrieved by the issuance of a temporary or partial award by any referee may petition the commission to review the evidence upon the ground that the applicant is not liable for the payment of any compensation, and especially setting forth the grounds for the basis of such contention and wherein the evidence fails to support findings of the referee as to liability for the payment of compensation. The commission will not consider applications or petitions for the review of temporary or partial awards where the only contention is as to the extent or duration of the disability of the employee for the reason that the referee has not made a final award and determination of the extent or duration of disability."

Section 287.490, RSMo Cum.Supp.1984, which authorizes appeals to the circuit court from awards of the Commission adjudicating disputes based on claims which arose prior to August 13, 1980, provides, in pertinent part:

> "1. The final award of the commission shall be conclusive and binding unless either party to the dispute shall within thirty days from the date of the final award appeal to the circuit court of the county in which the accident occurred...."

It is well settled that there is no statutory authority for judicial review of a temporary or partial award made pursuant to § 287.510. *State ex rel. Prescott Laundry Co. v. Missouri Workmen's Compensation Commission,* 320 Mo. 1156, 10 S.W.2d 916 (banc 1928), award under § 46 of Workmen's Compensation Act, now § 287.510. *State ex rel. New Amsterdam Casualty Co. v. Richardson,* 227 Mo.App. 1221, 61 S.W.2d 409 (1933),[2] award under § 3344, RSMo 1929, now § 287.510. *Melvin v. Harrison Engineering & Construction Co.,* 232 Mo.App. 382, 107 S.W.2d 836 (1937), award under § 3344, RSMo 1929, now § 287.510. *Boatner v. Slusher, Inc.,* 614 S.W.2d 35 (Mo.App.1981), award under § 287.510.

In *State ex rel. Faris v. Eversole,* 332 S.W.2d 879 (Mo. banc 1960), an employer and its insurer appealed to the circuit court from an order of the Commission upholding an order of a referee of the Division of Workmen's Compensation denying an application by the employer and insurer for an order to exhume the body of a deceased employee and perform a post-mortem examination. The employee's widow and grandson, who were claiming compensation for the alleged accidental death of the employee, brought a prohibition proceeding in the Supreme Court to bar the circuit court from exercising jurisdiction over the appeal. The Supreme Court held that the order denying the application for exhumation was unappealable. The Court said:

> "In compensation proceedings the decisions subject to appeal are those expressly declared to be appealable by the statutory provisions authorizing appeals in such proceedings, and other decisions are not appealable." *Id.* at 880–81.

The Court took note of § 287.490.1, RSMo 1949, which stated (just as its successor does today) that the final award of the Commission shall be conclusive and binding unless either party to the dispute shall, within the time allowed, appeal to the circuit court. The Court stated:

**2.** *State ex rel. Federated Metals Corp. v. Nelson,* 233 Mo.App. 268, 273, 117 S.W.2d 361, 364 (1938), overruled one aspect of *New Amsterdam,* but did not disturb *New Amsterdam's* holding that no judicial review lies from a temporary or partial award under § 3344, RSMo 1929.

"This language is plain and unambiguous, and, on its face, would seem to be subject to no other interpretation than that it makes provision for the review of only final awards of the commission; that is, one which fully disposes of the entire controversy between the parties as far as the board is concerned." *Id.* at 881[2].

The Supreme Court held that the circuit court had no jurisdiction to entertain the appeal from the Commission's order, and made the preliminary rule in prohibition peremptory.

In the instant case, respondents aver that the Commission's "Temporary or Partial Award" of April 10, 1986, is, by virtue of § 287.510, subject to modification from time to time until the rendition of a final award, and that § 287.490 provides for an appeal from only a final award of the Commission. Citing *Faris, New Amsterdam, Melvin* and *Boatner*, respondents insist there is no statutory authority for claimant's appeal.

Although the ALJ and the Commission each labeled its award a "Temporary or Partial Award," it is obvious from the record that neither treated its award as one under § 287.510. The ALJ's award provided that any past due compensation should bear interest from the date of the award at eight per cent per annum, as provided in § 287.160, RSMo Cum.Supp.1984. Had the ALJ's award been made under § 287.510, a different provision regarding delinquent payments would have applied. Section 287.510 provides, as we have seen, that if an award thereunder be not complied with, the amount thereof may be doubled in the final award if the final award shall be in accordance with the temporary or partial award.

The Commission, in the excerpt from the initial paragraph of its award quoted *supra*, stated that the case had been submitted to the Commission for review as provided by § 287.480. Had the Commission considered the ALJ's award as one under § 287.510, the Commission's own rule, 8 CSR 20–3.040, *supra*, would have barred review by the Commission, as the rule clearly provides that an award under § 287.510 shall not be considered a final award from which an application for review may be made. The only exception is in paragraph "(2)" of the rule, which permits review on the sole issue of *liability* for compensation. In the instant case there was no dispute as to liability. The only issue before the ALJ, and before the Commission on review, was the *amount* of compensation due claimant for nursing care.

Furthermore, the parties themselves apparently did not consider the ALJ's award as one under § 287.510. Each party, as we have seen, made application to the Commission for review of the ALJ's award. Had the parties treated the ALJ's award as one under § 287.510, they would have been foreclosed from review by the Commission by virtue of 8 CSR 20–3.040, *supra*.

We therefore conclude that the Commission's award was not made pursuant to § 287.510. That being so, *Prescott Laundry*, 10 S.W.2d 916, *New Amsterdam*, 61 S.W.2d 409, *Melvin*, 107 S.W.2d 836, and *Boatner*, 614 S.W.2d 35, do not bar judicial review in the instant case, as each of those cases involved an award under § 287.510 or its precursors. In addition, the Commission's award in the instant case is obviously unlike the exhumation order in *Faris*, 332 S.W.2d 879, so that case supplies no authority for denying judicial review here.

Having concluded that the award in the instant case was not made per § 287.510, our next task is to identify the statute under which it was made.

■ At the time of claimant's injury (December 29, 1976), § 287.140.1, RSMo 1969, provided:

"In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical and hospital treatment, including nursing, ambulance and medicines, as may reasonably be required for the first one hundred eighty days after the injury or disability, to cure and relieve from the effects of the injury, and thereafter such additional similar treatment as the divi-

sion or the commission by special order may determine to be necessary...."[3]

■ Another statute in effect at the time of claimant's injury was § 287.200, RSMo Cum.Supp.1975, which provided:

"1. Compensation for permanent total disability shall be paid during the continuance of such disability for the lifetime of the employee....

2. ... The employer and the division shall keep the file open in the case during the lifetime of any injured employee who has received an award of permanent total disability...."

The ALJ's award in the instant case contained these findings, among others:

"(1) ... the injury to [claimant] ... [resulted] in ... [claimant] becoming quadriplegic;

....

(5) ... Liberty Mutual ... accepted full liability and responsibility for the payment of Workers' Compensation benefits, both permanent total compensation benefits and the furnishing of all necessary medical and rehabilitation care and benefits, resulting from [claimant's] injuries on December 29, 1976....

(6) ... [respondents] accept and have accepted the fact that [claimant] was and continues to be totally disabled within the meaning of the Missouri Workers' Compensation Law as the result of the accident on December 29, 1976.

....

On July 25, 1977, the sum of $135.00 per week was agreed upon between [claimant] and [respondents] as necessary to assist him in daily routines, which payment continued until November 29, 1978 when the weekly amount was increased to $175.00 per week; then to $240.00 per week on May 17, 1982, and is currently being paid in like amount.

The charge for nursing care was paid directly by [respondents] to [claimant] who contracted and paid the providers for their services.

....

... the nursing care received by [claimant] prior to December 31, 1984 was based on [claimant's] choice and capably provided by those he selected at weekly compensation arranged by him for which he was reimbursed by [respondents].

... [claimant] has not incurred unreimbursed expense for nursing care in excess of the amounts paid. [Respondents] furnished nursing care from July 25, 1977 through December 31, 1984 as required by [claimant's] physical and mental condition.

....

Mildred Smith, [claimant's] former nurse, and his wife since April 3, 1983, now provides [claimant] nursing care at the rate of $240.00 per week.

... [claimant's] physical and mental condition will not substantially improve and albeit his needs have not materially changed since 1977, [claimant's] natural aging process coupled with his disability will result in increased care that his wife, Mildred, furnishes with TLC not available from the professional nurse."

Based on those findings and others, the ALJ entered the award set forth earlier in this opinion, which was to remain in effect through December 31, 1989, unless claimant's physical or mental condition warranted a modification prior to said date.

The Commission, as noted earlier, left the ALJ's award intact except for deleting

---

**3.** In the instant case, nothing in the record before us suggests that any "special order" for nursing care was entered prior to the ALJ's award of March 29, 1985. However, *Stephens v. Crane Trucking, Inc.,* 446 S.W.2d 772, 779–80[4] (Mo.1969), held that evidence that an employer continued to furnish medical and hospital care to an injured employee after expiration of the mandatory period supported a finding by the Commission that the employer had waived the requirement of a special order. In the instant case, as appears more fully *infra,* respondents voluntarily supplied claimant funds for nursing care for some eight years after his injury, and were continuing to do so at the time of the hearing before the ALJ. Furthermore, respondents do not seek to evade liability for nursing care on the ground that no special order therefor was entered prior to the ALJ's award of March 29, 1985. In such circumstances, the absence of a special order is of no consequence in this appeal.

the provision for automatic annual increases commencing January 1, 1986.

Missouri courts have reviewed awards for nursing care similar to the Commission's award in the instant case.

In *Groce v. Pyle*, 315 S.W.2d 482 (Mo. App.1958), the Commission entered an award finding an employee to be permanently and totally disabled. The employee was awarded, among other compensation, $40 per week to be paid to his wife for nursing service as long as the employee's condition existed. The employer and its insurer appealed, one of their contentions being that there was no competent and substantial evidence to support the award for nursing services. *Id.* at 490. Affirming a circuit court judgment upholding the Commission's award, the appellate court pointed out that § 287.140.1, RSMo 1949 (identical in all material respects to § 287.140.1, RSMo 1969, *supra*), required the employer to provide necessary nursing care, that there was competent and substantial evidence showing that the employee needed general nursing services, and that the services provided him by his wife would be necessary so long as his invalid condition existed. *Id.* at 491. It is evident that the appellate court treated the award as one under § 287.460, RSMo 1949 (identical in all material respects to § 287.460, RSMo 1978, *supra*), as the appellate court said:

"Findings of fact are required by Sections 287.460 and 287.490 RSMo 1949, V.A.M.S. One of the questions on appeal, as provided by Section 287.490, is whether the facts found by the Commission support the award." *Id.* at 490.

A similar case is *Stephens v. Crane Trucking, Inc.*, 446 S.W.2d 772 (Mo.1969), where the Commission awarded the employee compensation for permanent total disability and ordered, among other things, that the employer and insurer, pursuant to § 287.140.1, RSMo 1959 (identical in all material respects to § 287.140.1, RSMo 1969, *supra*), pay the employee six dollars per day as compensation for nursing services rendered by his wife "for so long as he is in need of nursing ... and not in any hospital." Affirming a circuit court judgment upholding the Commission's award, the Supreme Court held the evidence before the Commission sufficient to support the latter's finding that the employee, when not in a hospital, needed nursing care above and beyond the services ordinarily performed by a wife. *Id.* at 781. The Court added that if the employer and insurer disliked the idea of compensating the employee for nursing services rendered by his wife, they might have exercised their privilege of purchasing such services for the employee from someone in the practical nursing profession. *Id.*

A third case similar to the instant case is *Balsamo v. Fisher Body Division—General Motors Corp.*, 481 S.W.2d 536 (Mo.App. 1972). There, the circuit court affirmed an award by the Commission requiring the employer to pay the employee $75 per week for nursing services performed for him by his wife. Upholding the circuit court, the appellate court ruled that the award was authorized by § 287.140, and that the award was supported by competent and substantial evidence, as the record demonstrated the employee could not be left alone and needed care and attention beyond the services ordinarily performed by a wife. *Id.* at 538–39.

The only difference between the award for nursing care in the instant case and the awards for nursing care in *Groce, Stephens* and *Balsamo* (apart from the amounts) is that in the instant case the award was for a fixed number of years with a proviso that the case would be reset for further order thereafter, while in the cited cases the award was for an infinite period. We fail to see why that difference should disqualify the award in the instant case from judicial review.

As previously noted, *Faris*, 332 S.W.2d at 881[2], holds that § 287.490.1, *supra*, authorizes judicial review of a final award of the Commission, i.e., "one which fully disposes of the entire controversy between the parties." In the instant case, claimant's injury occurred almost 11 years ago, and there is no dispute between the parties about claimant's permanent and total dis-

ability. There is likewise no dispute about claimant's entitlement to compensation or his right to an allowance for nursing care. The entire controversy between the parties is the amount due claimant for nursing care. That was the issue submitted by the parties to the ALJ for determination, and to the Commission for review. The only basis for arguing that the award in the instant case is unappealable is that it is for a fixed number of years and is subject to future modification.

Those characteristics, however, are inherent in any award where there is total permanent disability. Section 287.200.2, RSMo Cum.Supp.1975, *supra*, provides that when an injured employee receives an award for permanent total disability but by the use of prosthetic appliances or physical rehabilitation is restored to his regular work or its equivalent, the life payment of compensation shall be suspended. That is evidently one of the purposes of the requirement in said statute that the employer and the division keep the file open in the case during the lifetime of any injured employee receiving an award of total permanent disability.

The uncertainty in attempting to predict a disabled worker's future medical expenses is recognized in *Gill v. Massman Construction Co.*, 458 S.W.2d 878 (Mo. App.1970). There, the employer and its insurer were ordered to pay an injured employee's future medical expenses per § 287.140. The court said:

"[I]f any question arises in the future, the facts may again be presented to the commission for further consideration and determination. We do not know at this time, nor does the commission know, nor do the [employer and insurer] know what complications medically, if any, may arise in the future." *Id.* at 881.

It is also noteworthy that § 287.470, RSMo 1978, authorizes the Commission to review any award on the ground of a change in condition, and on such review to make an award ending, diminishing or increasing the compensation previously awarded.

The statutes and cases heretofore examined, together with 8 CSR 20–3.040, *supra,* persuade us that the Commission's award in the instant case, though labeled a "Temporary or Partial Award," is an award under § 287.480, *supra,* made by the Commission upon review of an award under § 287.460, *supra,* and that the Commission's award fully disposes of the entire controversy that existed between the parties as of the date of the award.

It is apparent that the Commission itself considered its award as one under § 287.480, *supra.* A rule promulgated by the Commission, 8 CSR 20–3.030, provides:

"*PURPOSE: This rule outlines procedures for appeals from a final award, order or decision made by a referee of the division.*

(1) Review-appeal.—Any interested party in a contested case may appeal from a final award, order or decision made by a referee of the division [of workers' compensation], by making an application for review within twenty (20) days from the date of the award, order or decision, with the commission as provided by section 287.480 RSMo...."

Had the Commission felt that the ALJ's award was not a final award, the above rule would have foreclosed review by the Commission.

For the reasons heretofore discussed, we hold the Commission's award appealable under § 287.490.1, *supra.* Respondents' motion to dismiss claimant's appeal is denied.

Turning to the merits of the appeal, we address the first of the two assignments of error briefed by claimant. It reads:

"The trial court errorred [sic] in refusing to remand the case back to the Labor Industrial Relations Commission for further findings of fact and conclusions of law because the award of the Commission was not, supported by facts found by the Commission, in that the Commissioned [sic] when they adopted the administrative law judge's findings failed to adequately award compensation for all the nursing care rendered to claimant for past due and future allow-

ances to cure and relieve the effects of claimants [sic] injury."

Although the point supplies no clue as to wherein and why the award was not supported by facts found by the Commission, or wherein and why the award failed to adequately compensate claimant for past and future nursing care, we learn from the argument portion of claimant's brief that one of his contentions is that the Commission should clarify its award by specifying whether the compensation to claimant for nursing care should be based on the wages of a nurse's aide or on the wages of someone with more expertise, such as a licensed practical nurse. Claimant, as we understand him, maintains that the Commission's findings are too equivocal and unintelligible to permit a meaningful review.

 The Commission's findings of fact should be sufficient to show how the controlling issues have been decided, otherwise a reviewing court will be unable to know what the Commission has really determined in order that it may know what to review and whether or not correct rules of law have been applied to facts which properly could be found on the particular record. *Dixon v. Art Bunker Motors, Inc.,* 387 S.W.2d 199, 204[4] (Mo.App.1964). However, the Commission is not required to state the evidentiary facts upon which its ultimate findings may depend; it is sufficient if the ultimate constitutive facts necessary for judicial review of the award appear in reasonable detail. *Groce,* 315 S.W.2d at 491[10].

 The findings of the ALJ, adopted by the Commission, included these:

"As a result of the physical condition caused by the accident of December 29, 1976, [claimant] requires the following assistance in regard to his daily needs:

(1) He is unable to dress himself.

(2) He requires assistance in and out of bed.

(3) He needs to be assisted in and out of his wheelchair.

(4) He requires assistance in and out of motor vehicles and is unable to operate or drive a motor vehicle.

(5) It is necessary for someone to prepare his meals and cut up his food.

(6) It is necessary for someone to bathe him, shampoo his hair, and assist him in brushing his teeth.

(7) He requires someone in constant attendance in case of emergencies.

In addition, [claimant] requires the expertise of someone to accomplish:

(1) giving enemas;

(2) affixing catheters;

(3) emptying and cleaning leg bags;

(4) administering proper medication; and,

(5) assisting in physical therapy programs."

Each of the above findings is supported by competent and substantial evidence, and no party to this appeal argues otherwise. Indeed, claimant states in his brief that he "accepts as true" the facts stipulated to and enumerated in the ALJ's findings of fact and rulings of law.

At the time of the hearing before the ALJ, Mildred Smith had been claimant's wife for over 21 months, and had been providing the care and services listed in the ALJ's findings since the date of the marriage. Throughout that time, claimant had received $240 per week for nursing care. There was no evidence that claimant, at the time of the hearing, needed any nursing services beyond those rendered by Mildred.

Mildred, age 27 at the time of the hearing, is a high school graduate and had worked as a nurse's aide several years before her marriage to claimant. The last individual employed by claimant to provide nursing care for him prior to his marriage to Mildred was Carol Boyd. Claimant was paying Ms. Boyd $240 per week when he married Mildred. After the marriage, Mildred "took over the same duties that Carol Boyd had."

On one occasion since the marriage, Mildred was hospitalized and it became necessary to employ a nurse's aide to care for claimant for a month. Claimant paid the nurse's aide $240 per week.

There is evidence in the record that in 1977, licensed practical nurses in the locale

where claimant resides were being paid $2.65 per hour, and that in 1983 the rate for nurse's aides in that locale was $3 to $3.25 per hour. There is also evidence in the record that in the locale where claimant resides, a supplier of health care services will assign a nurse's aide to a quadriplegic's home for 12 hours of "hands on care" daily for $35 per day.

It is obvious that the Commission determined that all of the care required by claimant could be provided by Mildred or by another nurse's aide with skills similar to Mildred's, and that such a person could be hired in the locale where claimant resides for $300 per week. As shall appear *infra*, we encounter no difficulty in determining whether the Commission's award is supported by the facts it found, or whether its findings are supported by competent and substantial evidence. Claimant's contention that the Commission's findings are too sketchy to permit a meaningful review is consequently denied.

The scope of our review is established by § 287.490.1, RSMo Cum.Supp.1984. Pertinent to claimant's contentions on appeal, the statute provides:

> "The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> . . . .
>
> (3) That the facts found by the commission do not support the award;
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award."

■ The Commission is the sole judge of the weight of the evidence and the credibility of the witnesses. *Welborn v. Southern Equipment Co.*, 395 S.W.2d 119, 125–26[7] (Mo. banc 1965). The Commission's award should be upheld if, after a review of the entire record in the light most favorable thereto, the reviewing court finds that the award is supported by substantial and competent evidence. *Smith v. Hussmann Refrigerator Co.*, 658 S.W.2d 948, 949[1] (Mo. App.1983); *Johnson v. General Motors As-*

*sembly Division G.M.C.*, 605 S.W.2d 511, 512[1] (Mo.App.1980).

■ Claimant maintains that the award of $300 per week for nursing care, retroactive to January 1, 1985, is insufficient compensation for Mildred in view of the fact that she devotes a minimum of 12 hours per day caring for him.

Twelve hours per day amounts to 84 hours per week. At $300 per week, Mildred's hourly rate of pay is $3.57, a rate slightly above the 1983 wages of a nurse's aide in the locale where claimant resides. Additionally, we have noted that there was evidence that a supplier of health care services in the locale where claimant resides would furnish a nurse's aide in a quadriplegic's home for 12 hours of care each day for $35 per day, which amounts to $245 per week.

Respondents emphasize that claimant offered no evidence that the nursing services he has received since 1977 have been inadequate or that he needed or desired any nursing services in addition thereto. Respondents insist there was "no evidence at all to support an award greater than that given to [claimant]."

We hold that the evidence heretofore summarized constitutes competent and substantial evidence sufficient to support the Commission's findings regarding the nursing services required by claimant. We further hold that there is competent and substantial evidence that such services can be adequately provided by Mildred or by another nurse's aide with skills similar to Mildred's. Additionally, we hold that there is competent and substantial evidence that at the time of the hearing a nurse's aide capable of performing such services could be employed in the locale where claimant resides for $300 per week. Claimant's contention that the award is not supported by facts found by the Commission is without merit.

■ The final complaint in the argument under claimant's first point, as we comprehend it, is that the Commission erred in deleting from the ALJ's award the provi-

sion for automatic annual increases commencing January 1, 1986.

The Commission, in the excerpt from its award set forth earlier, held that there was no evidence in the record to support the yearly increase, and that any such increase would be based on speculation. Claimant does not direct our attention to any evidence that the cost of obtaining the services he was receiving from Mildred at the time of the hearing would increase by five per cent per annum, or by any other amount, as of January 1, 1986. If claimant, at the time of the hearing, had reason to believe that the cost would escalate by five per cent annually, he had ample opportunity to present evidence to that effect.

The record fully supports the Commission's holding that there was no evidence to support the yearly increase, and that any such increase would be based on speculation. We therefore cannot convict the Commission of error in deleting that provision from the award. In so ruling, we do not imply that claimant is barred from seeking an increase in the amount awarded for nursing care prior to December 31, 1989, if there should be a change in conditions warranting a modification.

Claimant's second, and final, assignment of error avers that the circuit court erred in refusing to remand the case to the Commission for further findings of fact and conclusions of law, in that the award "does not show the actual grounds of the decision with sufficient specificity to make possible an intelligent judicial review." In support of that assertion—a reprise of one in his first point—claimant cites *American Oil Co. v. Pierce*, 472 S.W.2d 458 (Mo.App. 1971), and *Enriquez v. Chemical Sealing Corp.*, 409 S.W.2d 686 (Mo.1966). Both stand for the proposition that the Commission's award should include findings of fact which show the actual grounds of the decision and which are sufficiently specific to make possible an intelligent judicial review.

In rejecting claimant's first assignment of error, we held that the Commission's findings are sufficiently specific to enable us to determine whether the award is supported by the facts the Commission found,

and whether the Commission's findings are supported by competent and substantial evidence. We need say nothing further on that subject.

Claimant's other contention under his second point appears to be that the nursing services he needs "seem to [require] a greater skill and expertise than that of a minimum wage earner or a nurse's aide." The argument ignores the evidence that since 1977, claimant has received all of the nursing services he has required and that said services have been provided by Mildred or by other nurse's aides and family members, none of whom were licensed practical nurses or registered nurses. No evidence in the record indicated that claimant, after January 1, 1985, would require nursing care of a more intense or sophisticated character than he had been receiving.

Claimant's second point is denied, and the judgment of the circuit court upholding the Commission's award is affirmed.

GREENE, P.J., and HOLSTEIN, J., concur.