**Marvin HAYES and Kathryn Sharp, Plaintiffs–Respondents,**

v.

**AMERICAN STANDARD INSURANCE COMPANY, Defendant–Appellant.**

No. 17739.

Missouri Court of Appeals, Southern District, Division One.

May 6, 1992.

---

**120**

Tyce S. Smith, Sr., Smith, Hutcheson and Dunbar, Waynesville, for plaintiffs-respondents.

James D. Sickal, Waynesville, for defendant-appellant.

PREWITT, Presiding Judge.

Plaintiffs filed their petition seeking damages for the wrongful death of Elizabeth Sharp under the uninsured motorist provisions of two insurance policies issued by defendant. Defendant counterclaimed, seeking declaratory judgment that the decedent's death did not entitle plaintiffs to any recovery under those policies. The trial court made findings of fact, conclusions of law and entered "judgment" finding against defendant on its counterclaim. No finding was made in regard to the petition and no damages assessed. Defendant appeals.

Although not questioned by the parties, this court is obligated to determine if it has jurisdiction. *Boatner v. Slusher, Inc.*, 614 S.W.2d 35 (Mo.App.1981). Except for a few types of cases covered elsewhere, § 512.020, RSMo 1986, provides when appeals may be taken. It is applicable here. Generally, for there to be an appealable judgment under that section, all claims between all parties must be determined. Rule 74.01(b); *Ritter v. Aetna Casualty & Surety Co.*, 686 S.W.2d 563, 564 (Mo.App. 1985).

There is an exception stated in Rule 74.-01(b), that the trial court may enter an appealable judgment on less than all claims or parties if it makes "an express determination that there is no just reason for delay." No such determination was attempted here.

No decision was made on the issues presented on plaintiffs' petition. The record shows that the petition is still pending. Therefore, no judgment was entered.

The appeal is dismissed.

CROW and PARRISH, JJ., concur.